Argued on merits and on motion to dismiss appeal November 20, 1929; motion allowed January 28, 1930

## JESSE RASMUSSEN ET AL. *v.* CITY OF FOREST GROVE

(284 Pac. 197)

For the motion there was a brief over the names of *Messrs. Hare, McAlear & Peters* and *Mr. D. D. Bump* with an oral argument by *Mr. R. F. Peters.*

Contra, there was a brief and oral arguments by *Mr. E. B. Tongue* and *Mr. W. P. Dyke.*

ROSSMAN, J. This is a motion to dismiss an appeal, prosecuted by the city of Forest Grove from a decree of the circuit court for Washington county, which held invalid a special assessment, made by the city in

the portion of that municipality, which is referred to as Storm Sewer District No. 1, to pay for the construction of a storm sewer therein. The facts out of which the suit and the motion to dismiss the appeal arose we shall now state briefly. May 5, 1925, the city council of Forest Grove passed a resolution of intention to form the storm sewer district which we have previously mentioned, June 2 of the same year the council adopted ordinance No. 396, which determined the details incidental to the construction of the sewer, and provided for its construction. July 8, 1925, one H. E. Olds, was awarded the construction contract at a contract price of $25,908.71. December 29, 1925, the city accepted the sewer, the contract having been completed; while the work was progressing the city issued from time to time, in payment of claims, its warrants. March 30, 1926, ordinance No. 407 was adopted by the council, which assessed the cost of the sewer to the property within the above mentioned district; the total cost, made up of contract price, incidentals, and extra items, aggregated $30,077.17. May 18, 1926, the plaintiffs, 75 in number, who owned property within the district, filed this suit to enjoin the enforcement of the individual assessments against their property and to have the above ordinances, which constitute the foundation of the assessment, declared invalid. The complaint alleged several grounds of invalidity, only two of which we deem it necessary to mention: (1) a contention that the storm sewer was of general benefit to the entire city and, therefore, the cost of its construction could not be assessed against a portion only of it; (2) in the enactment of the legislation, which created Storm Sewer District No. 1, which authorized the construction of the sewer and the assessment of property within the

district, the city failed to copy into the minutes of the council copies of the ordinances, and thereby violated article XIV, section 172, of the city charter, which is as follows:

"No ordinance or resolution passed by the council of the city of Forest Grove after taking effect of this act shall be of any force or effect unless copied upon the book of ordinances and the record of the minutes of the meetings of the council at which the same was passed. * * *"

The answer denied that the proceedings, which preceded the assessment of the property of the plaintiffs, were invalid, and that the sewer benefited equally all property in the city; it specifically alleged the validity of the various ordinances and resolutions. At the conclusion of the trial, July 19, 1928, the court entered its decree in favor of the plaintiffs declaring "that each and all of the resolutions and ordinances set forth in plaintiffs' complaint, in relation to the construction of the storm sewer in the city of Forest Grove, Oregon, were of no force or effect at the time said storm sewer was constructed." Thereupon, the city prosecuted this appeal.

September 25, 1928, the city council adopted a resolution that there be submitted to the voters of the city for their adoption or rejection, at an election to be held November 6, 1928, a proposed amendment to the charter of the city authorizing the council to issue bonds of the city in a sum not exceeding $35,000 and use the proceeds to pay the costs of the construction of the aforementioned storm sewer. The proposed amendment recited:

"For the purpose of procuring funds with which to pay the total cost, and accrued interest thereon, and

the construction of the storm sewer of the city of Forest Grove, Oregon, in district No. 1, and which shall be applied in the payment of warrants issued therefor and in the refunding to property owners cash payments made thereon, the common council of said city is hereby authorized and empowered to issue and sell negotiable coupon bonds of the city in a sum not to exceed $35,000 * * * said bonds to be a direct general obligation of the city of Forest Grove * * * which said bonds shall be known as 'City of Forest Grove storm sewer bonds.'

"Said bonds, when authorized by a vote of the people shall be issued, notwithstanding any ratification of the assessment made by the city of Forest Grove against the property benefited for the cost of said storm sewer. * * * The common council shall each year at the time of making the annual tax levy for city purposes, make an additional levy in such a sum sufficient to pay interest on the outstanding bonds of this issue, and retire the principal thereof at maturity.

"Resolved further, that for the hereinabove proposed charter amendments the following ballot title be and the same is adopted by the council, to-wit:

"An act to amend the charter of the city of Forest Grove adopted by the people at an election held on January 11, 1909, and to amend all other amendments thereto, by adding article XVI authorizing the issuance and sale of $35,000 bonds of said city to provide funds with which to pay the total cost of the storm sewer in district No. 1 of said city, and the accrued interest thereon, and providing for a special tax levy to pay the interest and principal of said bonds."

It will be observed that the suggested amendment declares "said bonds * * * shall be issued, notwithstanding any ratification of the assessment made by the city of Forest Grove against the property benefited"; this provision makes it pertinent to notice that at the same time the council also referred to a vote of the people a proposed amendment of section 172 of art.

XIV of the charter, which would eliminate the requirement that ordinances should be copied into the minute book, and which further provided: "Each and every ordinance and resolution heretofore passed, approved and adopted by the council of the city of Forest Grove, including each and every ordinance and resolution which has not been copied upon the records of the minutes of the meetings of the council at which the same were passed, are hereby ratified * * *." The proposed amendment declared all such ordinances valid and provided that all proceedings pursuant to them should never be questioned in any court by reason of the failure of the recorder to promptly copy the ordinance into the book of minutes.

The records show that at the election held November 6, 1928, the proposal to amend the charter by authorizing the issuance of $35,000 sewer bonds was adopted while the proposal to amend section 172 was rejected. The minutes of a meeting of the city council held November 27, 1928, recites the sale of the bonds. The minutes further record:

"Be it resolved by the common council of the city of Forest Grove, that the mayor and recorder of said city be and they are hereby authorized and directed to issue a warrant to each property owner who has paid cash for his storm sewer improvement, for the amount paid and accrued interest at 6% per annum from the time of payment to the date of said warrant.

"Be it further resolved, that the treasurer of the city of Forest Grove be and he hereby is authorized and directed to pay out of the proceeds from the sale of the $35,000 storm sewer bond issue all of the warrants, and accrued interest, heretofore issued for said improvement and the other warrants authorized by this resolution."

It appears from affidavits, filed by the appellant, that various owners of property within the assessment district had paid upon their assessments $5,599.96, and from an affidavit signed by the recorder of the city it appears "all persons who have paid money on account of assessments against their property for the construction of said sewer, have had such sums with interest refunded to them." The same affidavit recites "the cost of said sewer has been paid in full"; the latter fact is conceded by all.

Members of the city council state in affidavits that ordinance No. 407, which levied the special assessments of which the plaintiffs complain, has been neither repealed nor amended and that the council submitted to a vote of the people the proposal of a bond issue of $35,000 on account of the following circumstances:

"It was believed by the city council that a final determination of this suit could not be had for a period of two or three years and that it would be unjust and inequitable for the city to retain the money of the individuals who had paid their assessments, while, at the same time, the payment by these plaintiffs was being held up during the pendency of this litigation and for that reason and for the further reason that the city believed that bonds under the Bancroft act could not be sold, as aforesaid, general bonds of the city of Forest Grove were sold to pay the cost of the construction of said sewer and the money paid by the various property owners upon their assessments was refunded during the pendency of this litigation, it being the idea of the defendant to place all property owners upon an equal basis and upon an equal footing until this litigation could and should be finally determined, the said general bonds to merely replace said warrants.

"Another reason which influenced the defendant to issue said general bonds was this, the defendant city believed that if the decree of this court should be

entered affirming the decree of the circuit court, then the payments of the warrants theretofore issued could and would be enjoined upon the same grounds as set forth in the plaintiffs' complaint and the city council did not and does not believe that the contractor who had fulfilled his contract and earned his money should be prevented from collecting his pay therefor, after the city had received the benefit of the same."

"It was never intended by the defendant city of Forest Grove that the issuing of said general bonds, as aforesaid, could, should or would in any manner in any wise effect the full, complete determination of this case by the above entitled court."

The respondents in urging their motion to dismiss the appeal submit that by reason of what occurred after the appeal was perfected the issue as to the validity of the special assessment remains only as a moot question; the city maintains that the assessment levied by ordinance No. 407 may still be enforced, if the decree of the circuit court is reversed, or that the council may reassess whatever property is specially benefited by the improvement.

■ We are of the opinion that the appeal should be dismissed. The council of the defendant city and the owners of property within the alleged storm sewer district had been in a controversy since March of 1925 as to the manner in which the cost of construction of the proposed storm sewer should be paid. To the council's plan to create a special assessment district and charge the property within it with the cost of the improvement, 160 property owners within the suggested district remonstrated. Their remonstrances were sustained and the council indicated its intention to charge the cost of the proposed sewer against the entire city. Shortly thereafter the city purchased a sanitary sewer

system, already installed, which had proved unsatisfactory. The council now announced again an intention to build a storm sewer; as a part of its new plan it proposed to connect the sanitary sewer with this storm sewer so as to render the former satisfactory. This new proposal brought a remonstrance signed by 130 property owners within the district, which the council intended to tax with the cost of the storm sewer. This remonstrance was overruled, the sewer was built, and finally ordinance No. 407 was passed by the council, which assessed the property within the district with the cost of the sewer's construction. Shortly thereafter this suit was filed which later brought a decree declaring the assessment invalid because of the recorder's failure to enter the ordinances in the council's minute book. Approximately four months after that event the voters of the city defeated an effort to amend the city's charter so as to validate all ordinances and resolutions which had not been recorded in the minute book. At the same time the voters authorized a bond issue of $35,000, (1) to pay for the construction of this sewer, (2) to repay to property owners amounts paid upon the special assessment; the same charter amendment provided that (1) the bond issue should be an obligation of the entire city, (2) the council should each year make a levy upon all of the property within the city to pay accruing interest and ultimately discharge the bonded debt, and (3) that these bonds shall be issued "notwithstanding any ratification of the assessment made by the city of Forest Grove against the property benefited."

The facts, which we have recited above, are free from dispute. It will be observed from them that, after the council and the property owners within the alleged

storm sewer district had been in a controversy for three and one-half years concerning who should pay the cost of constructing the proposed sewer, the voters wrote into the charter a declaration that the entire city should pay the cost "notwithstanding any ratification of the assessment." The latter proviso, we believe, indicates the finality of their decision. In order to give effect to it we are compelled to conclude that the voters decided that the storm sewer was not a local improvement, which would justify a special assessment, but a general one of equal benefit to all property within the municipality. The voters being of this opinion authorized a municipal bond issue to pay the cost of construction, which in turn would subject to its lien all property in the city, and further directed that the council levy upon all property in the municipality an annual tax to retire the bonds.

██ It is a general rule that when pending an appeal, the circumstances change to such an extent that the appeal involves only an academic question, it will be dismissed: 2 R. C. L., Appeal and Error, § 145; the following decisions in our reports illustrate the application of this principle to various adjustments which left remaining unsettled only an abstract question of law: *Portland v. Investment Company,* 59 Or. 598 (117 P. 991); *State ex rel. v. Webster,* 58 Or. 376 (114 P. 932); *State ex rel. v. Fields,* 53 Or. 453 (101 P. 218); *State ex rel. v. Grand Jury,* 37 Or. 542 (62 P. 208). It is unnecessary to cite authority to substantiate the proposition that when the parties have adjusted their differences after the appeal was perfected it will be dismissed.

We are satisfied that the election of November 6, 1928, materially changed the facts submitted to the cir-

694

cuit court and adjusted the alleged claim of the city against the plaintiffs. Having reached this conclusion it follows that the only issue left undetermined is the effect upon ordinance No. 407 resulting from the failure of the recorder to copy it into the minute book of the council. It is unnecessary for us to determine this question, because the voters having decided that the storm sewer was not a local improvement the ordinance is inapplicable to the facts decided by them. It follows that the appeal must be dismissed.

Nothing stated above is intended to express any opinion as to the validity of any ordinance which the recorder failed to copy into the council's minute book.

The motion to dismiss the appeal is allowed.

Coshow, C. J., McBride and Rand, JJ., concur.