THE STATE OF WYOMING, on the relation of IDA B. SCHWARTZ,

*Plaintiff and Appellant,*

v.

BRUCE S. JONES, AS MAYOR OF THE CITY OF CHEYENNE, GEORGE L. KEMP and GUS FLEISCHLI, AS COMMISSIONERS OF THE CITY OF CHEYENNE, CONSTITUTING THE CITY COUNCIL OF THE CITY OF CHEYENNE, A MUNICIPAL CORPORATION, and S. D. MARKLEY, AS CITY CLERK OF THE CITY OF CHEYENNE, A MUNICIPAL CORPORATION,

*Defendants and Respondents.*

(No. 2313; April 16th, 1945; 157 Pac. 2d, 993)

For the plaintiff and appellant the cause was submitted on the brief and also oral argument of Thomas M. McKinney of Basin, Wyoming, and Albert D. Walton of Cheyenne, Wyoming.

For the defendants and respondents the cause was submitted on the brief and also oral argument of Carleton A. Lathrop of Cheyenne, Wyoming.

## OPINION

RINER, Justice.

This cause is a direct appeal from a judgment of the District Court of Laramie County, sustaining a demurrer to an amended petition and, the plaintiff declining to further amend the pleading, adjudging that it "take nothing by said action and that defendants go hence without day" and recover their costs.

So far as necessary to understand the disposition of the case which we shall order the facts may be recited as follows:

The action was one asking for the issuance of a writ of mandamus by The State of Wyoming on the relation of Ida B. Schwartz, as plaintiff, said writ to be directed to the defendants who were respectively the Mayor, and the two Commissioners of the City of Cheyenne, constituting its City Council and the City Clerk of said city. Due to changes in the personnel of these officials substitution of parties defendant was moved in this court when the cause was heard and this was allowed.

Ida B. Schwartz will be mentioned herein as the "relator" and the city officials as the "defendants."

On or about February 21, 1944, relator made and filed in the office of the City Clerk of the City of Cheyenne, an application for a retail liquor license for the year beginning April 1, 1944. This application, together with a number of others of the same nature, came on for consideration before the City Council aforesaid at a regular meeting thereof on March 20, 1944, and was at that time rejected by said Council. A motion also prevailed in that body that a retail liquor license be not issued to the relator.

March 25, 1944, relator filed in the District Court of Laramie County, her "Petition For Writ Of Mandamus." The same day an order was made by that court setting down said petition for hearing at 10:00 a. m., March 29, 1944, in the district court room in the City of Cheyenne, and directing that a copy of said order be served upon the defendants. Two days later and on March 27, the relator filed her "Affidavit of Prejudice" against the presiding Judge of said court. March 29, the date set for the hearing, as before recited, the defendants filed a demurrer to said petition stating that the "allegations contained therein do not state facts sufficient to constitute a cause of action against said defendants or entitle relator to the relief prayed for therein."

April 3, 1944, another Judge sitting in the stead of the presiding Judge of the said District Court, a hearing was had upon the aforesaid petition and demurrer thereto, the demurrer was sustained and leave was granted plaintiff, upon request, to file an amended petition within ten days, the defendants being allowed ten days thereafter to further plead. April 13, 1944, a stipulation filed the following day was signed by counsel for all the parties that the plaintiff should have until and including the 14th day of April, 1944, in which to file an amended petition. On that day relator's amended petition was in fact filed.

The relief sought by the pleading last mentioned was that a peremptory writ of mandamus be issued commanding the defendants aforesaid as such city officials "to hold a meeting of the City Council of said city, forthwith, and allow the said application of Ida B. Schwartz for a retail liquor license at the place, and on the premises hereinabove described, for the year beginning on the 1st day of April, 1944, and directing the Mayor of said city, and the City Clerk of said City, to issue and deliver said retail liquor license to the said Ida B. Schwartz, authorizing the said Ida B. Schwartz to conduct and carry on business as a retailer of intoxicating liquor on said premises described in this amended petition as 207 W. 16th Street, in the City of Cheyenne," or that an alternative writ of mandamus be issued requiring said defendants to show cause why they "have not done so."

April 22, 1944, the defendants filed another general demurrer to said petition including therewith several other alleged grounds of demurrer. On June 29, 1944, this demurrer to the amended petition of the plaintiff was heard and the order and judgment appealed from, as hereinbefore described, was entered. July 6, 1944, notice of appeal in the cause was served and filed by

relator; the record on appeal therein was filed September 5, 1944, the following day specifications in error were also filed, and on the 7th of that month the Judge who directed the judgment of which complaint is made was duly notified. September 28, 1944, the complete record on appeal was lodged in this court.

The relator's brief was due under our rules November 27, 1944. Three days before that date an order was made upon her application based upon a stipulation of the parties extending the time for filing that brief until and including December 11, 1944, and upon that day her brief was filed. Defendants' brief was filed January 24, 1945, one day before it was due and on that day also they filed a motion to dismiss this appeal on the ground that the writ of mandamus sought by relator was "to compel the defendants to issue to plaintiff a retail liquor license for the year beginning with April 1, 1944, and ending on March 31, 1945; that this said period of time will have expired before this case can be disposed of on the merits thereof; and that these said proceedings in appeal, therefore, present to this Court only moot, abstract and fictitious questions." February 13, 1945, relator filed her motion to advance the cause for hearing and on the 26th of that month an order was made setting the cause for hearing on the 13th of March, 1945, on which day it was argued by counsel for the parties and taken under advisement.

The foregoing recital of proceedings in the case has been given in order to make it clear that the defendants did not delay its prompt disposition. The record is a short one also, embracing only 39 pages of typewritten material, 25 pages thereof being devoted to setting out relator's petition and amended petition.

Necessarily we are first obliged to dispose of the defendants' motion to dismiss. They filed a brief in support of this motion and submitted argument thereon.

Relator did not. We have, therefore, deemed it proper to examine the authorities with especial care in the matter.

What do the courts regard as a moot case? As regards the matter at bar the concise statement of the Supreme Court of Colorado, in Mountain States Beet Growers' Marketing Ass'n. v. Wagner, 79 Colo. 604, 247 Pac. 804, would appear to supply as good a definition as could be framed. In that case the court said:

"When no judgment rendered can be carried into effect, the cause is moot, and the courts will not consider it. Mills v. Green, 159 U. S. 651, 16 S. Ct. 132, 40 L. Ed. 293; Keely v. Ophir Hill, 169 F. 601, 605, 95 C. C. A. 99; Nail v. McCullough ,88 Okl. 243, 212 P. 981."

Citing an extended list of decisions the Court of Appeals of Kentucky, in Hudspeth v. Commonwealth, 204 Ky. 606, 265 S. W. 18, more elaborately says:

"It is the universal rule that courts will not consume their time in deciding abstract propositions of law or moot cases, and have no jurisdiction to do so. A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right, before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then existing controversy. As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed."

To the same effect is the statement in McNeill v. Hubert, 119 Tex. 18, 23 S. W. 2d 331:

";A case becomes moot when it appears that one seeks to obtain a judgment upon some pretended controversy when in reality none exists, or when he seeks judgment upon some matter which, when rendered, for any

reason, cannot have any practical legal effect upon a then existing controversy. City of Dallas v. Rutledge (Tex. Civ. App.) 258 S. W. 534, 537; Adams v. Union R. Co., 21 R. I. 134, 42 A. 515, 517, 44 L. R. A. 273; State v. Dolley, 82 Kan. 533, 108 P. 846. Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgment. Ex parte Steele (D. C.) 162 F. 694."

It is also indicated in Diederichsen v. Sutch, 47 Cal. App. 2d 646, 118 Pac. 2d 863, that:

"Questions involved in an appeal may become moot by reason of the acts of the legislature, of the parties, or by lapse of time."

As furnishing authority for a proper disposition of the motion now under consideration we may now appropriately direct attention to a case decided by this court and the law as stated by the courts of last resort in other states.

In State ex rel. Moore v. Van Tassell Real Estate & Live Stock Co., 53 Wyo. 89, 79 Pac. 2d 476, speaking of the writ of mandamus, this court said:

"The rule announced in a multitude of decisions is to the effect that the writ will not be granted where its issuance would be unavailing, nugatory or useless. 18 R. C. L. 138; 38 C. J. 614, 692;".

Where the defendant moved for the dismissal of an appeal for the reason that there was no longer any actual controversy between the parties respecting possession of the land involved in an action of forcible entry and detainer and that no practical result could be accomplished by a reversal of the judgment and it appeared in the record that plaintiffs' rights of possession relative to the property affected would expire before a reversal could, in the usual course of procedure, become effective, it was held in Hall v. Briggs, 104 Kan. 277, 178 Pac. 447, that the appeal would not be

considered on its merits but would be dismissed. Concluding the opinion filed the court said:

"if a hearing on the merits were to be had, a reversal ordered, and a petition for a rehearing filed and overruled, the plaintiff's own lease would expire before, in the ordinary course of procedure, a mandate to carry the decision into effect would be issued."

In Jacks v. Jefferson County Board of Health, 219 Ala. 156, 121 So. 552, the appellant, on June 4, 1928, filed his petition for a writ of mandamus to compel a County Board of Health to issue to him a permit to continue his dairying business which had on that day been stopped by the Board through a prohibitory interdict. The license year for such permits ran from June 30 to June 30. The Board by motion asked the court to dismiss the petition because the period of time for which the appellant sought a permit had then expired and "that the case was moot." The motion was sustained and the case dismissed. Affirming this action the appellate court said in part:

"It would have been, on the date of the court's final order, viz. July 27, 1928, and would now be, obviously vain and useless, to issue a writ commanding that appellant be given a permit to carry on his business from June 30, 1927, to June 30, 1928. * * * Courts will not undertake to adjudicate moot cases nor cases to arise in the future."

The case of Winslow v. Gayle, 172 Ky. 126, 188 S. W. 1059, was an appeal from an order dismissing a petition for a mandatory injunction to compel the revocation of a city license for holding a street fair in the streets of the city on or before December 1, 1915. This date had been passed before the appeal was heard. Holding that the appeal should be dismissed as presenting a moot case and citing many authorities the court said:

"Since the license or privilege in controversy expired by its terms on December 1, 1915, and the only relief sought in this action is a mandatory injunction for the cancellation of that license, it is apparent that any judgment that can be rendered would be ineffectual, and that nothing is involved now in this action but an abstract proposition of law. It therefore follows that this action is a moot case. In volume 3, Second Series of Words and Phrases, p. 442, a moot case is thus defined:

'A "moot case" is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered ,for any reason cannot have any practical legal effect upon a then existing controversy'."

In Retail Liquor Dealers Protective Ass'n of Illinois, v. Schreiber, 382 Ill. 454, 47 N. E. 2d 462, a part of the case was disposed of by this language:

"It is apparent from the record that the license issued to Ada Shiffman has expired by its terms and that a portion of the relief sought is now moot. Mandamus will not issue to compel the doing of a useless act or one which will prove unavailing. The court will not decide questions which no longer exist merely to establish a precedent or settle a question of costs. People ex rel. Chancellor v. Sweitzer, 329 Ill. 380, 160 N. E. 747."

State ex rel. Burnham v. Superior Court for Thurston County, 180 Wash. 519, 41 Pac. 2d 155, was a case where the Supreme Court of Washington, upon a motion made to dismiss the proceeding, declined to review by certiorari the decision of the trial court which last mentioned tribunal had refused to review a ruling of the State Liquor Control Board which had revoked two liquor licenses held by relator. The appellate court's refusal was grounded on the fact that the licenses aforesaid had expired by operation of law and

the propriety of their revocation had become a moot question.

In part, the court, citing numerous cases said:

"The Washington State Liquor Act comprises chapter 62, p. 173, Laws Ex. Sess. 1933. Subdivision 4, § 27, supra, (page 188), reads: '4. Unless sooner cancelled, every license issued by the board shall expire at midnight of the thirty-first day of December in the year for which the license was issued.'

"Respondent has moved for dismissal of the proceedings for the reason, among others, that the 'subject-matter of the litigation has ceased to exist and any judgment rendered by this court would be ineffectual; and that the question now before us is moot.

"It cannot be questioned that December 31 of the year in which the license was issued to relator, 1934, has passed and that the licenses involved have expired by operation of law. After December 31, 1934, relator had no beneficial interest in the litigation, the controversy ceased, and there is now no live question before this court. * * *.

"It being clear on the facts and the face of the petition in this case that there is nothing upon which the judgment of the court could operate and that the question is moot, the appeal must be and is dismissed."

The opinion in the case of Galvin et al., County Com'rs. v. Davidson, 48 Fla. 75, 37 So. 575, would also appear to be very closely in point with the case at bar and inasmuch as that opinion is quite short we quote it entire:

"The defendant in error, B. H. Davidson, obtained a peremptory writ of mandamus in the circuit court of Hillsborough county against the plaintiffs in error, as county commissioners of said county, commanding them to issue to him a permit, under the statute in such cases, to sell liquors, wines, and beer in election district No. 28 of said county for and during the license year beginning on the 1st day of October, A. D. 1903, and ending on the 1st day of October, A. D. 1904. From

the judgment awarding the peremptory writ the said county commissioners have sued out writ of error from this court.

"Upon reaching the case in its order on the docket, the court finds that the time has expired during which the permit sought to be coerced by the writ would have been legally operative, and, consequently, that a decision at this time of the questions presented by the pleadings, either for or against either of the parties, would be entirely barren of any results. Under these circumstances, according to the well-established rule here, as elsewhere, the cause must be dismissed, and it is therefore hereby ordered and adjudged that the said cause be, and the same is hereby, dismissed, at the cost of the plaintiffs in error. State ex rel. Vann v. Martin (Fla.) 36 South. 362; State ex rel. Rowe v. Martin, 44 Fla. 175, 32 South. 926; Broward v. Bowden, 39 Fla. 751, 23 South. 489; State ex rel. Vereen v. Commissioners of Marion County, 27 Fla. 438, 8 South. 749."

See also 3 Am. Jur. 308-309, Sec. 733, 312-313, Sec. 735, 314, Sec. 737; Security Mutual Life Insurance Co., v. Prewitt, 200 U. S. 446, 26 S. Ct. 314, 50 L. Ed. 545, Richardson v. McChesney, 218 U. S. 487, 31 S. Ct. 43, 54 L. Ed. 1121.

Section 8, Laws of Wyoming, 1935, Ch. 87, as amended by Ch. 90, Laws of Wyoming, 1941, which fixes the period for which liquor licenses may be issued under Wyoming rule reads in part: "A license shall be a personal privilege good for one year unless sooner revoked."

With both, what has been said above and the authorities there reviewed in mind, the situation at bar appears to be this: The relator seeks by mandamus to compel the City Council of the City of Cheyenne to issue to her a liquor license for the year April 1, 1944, to April 1, 1945. The District Court has declined to issue the writ. The cause was heard here on March 13, 1945, after being advanced to take priority over

other cases which had matured months before. Notwithstanding this fact and even if we were of the opinion that the district court was in error in taking the action it did, that its judgment should be reversed, and even if we had rendered such a decision on the very day of the hearing without examining the law of the case, still the defendants would have had, under the rules of this court, the full period of thirty days thereafter in which to file a petition for re-hearing. Before that time elapsed the year for which the license was sought to be issued to relator would necessarily have expired. Additionally, again assuming that the ruling of the district court was a mistaken one, that our decision reversing the judgment was rendered prior to April 1, 1945, and that defendants' petition for rehearing was filed immediately and immediately denied, and the mandate on reversal returned to the district court with directions to overrule the demurrer to the amended petition, still the situation would remain unchanged so far as relator is concerned. Defendants would certainly have the right to file an answer putting in issue certain factual matters which would have to be the subject of inquiry upon a trial had. When all this had been done it is evident that the license year as indicated above would have unpreventably elapsed.

Under such circumstances and under the law applicable to them as we have found it to be we see no other course left open to us but to sustain the motion to dismiss this appeal and an order to that effect will be entered.

*Dismissed.*

BLUME, C. J., and CHRISTMAS, District Judge, concur.