ROBERT E. CHEEVER, M. ALLEN PRUETT, JR., and ROBERT ADAMS,

*Plaintiffs and Respondents,*

vs.

ED. WARREN, EDWARD GOWDY, and A. W. TROUT, SR., Mayor and Commissioners of the City of Cheyenne, Wyoming, and THE CITY OF CHEYENNE, WYOMING, a Municipal Corporation,

*Defendants and Appellants.*

(No. 2549; October 28th, 1952; 249 Pac. (2d) 163)

The Motion of plaintiffs and respondents to dismiss was submitted upon the brief of, and also oral argument of A. Joseph Williams of Cheyenne, Wyoming.

In opposition to the motion to dismiss Philip White and Carlton A. Lathrop, both of Cheyenne, Wyoming submitted the motion upon oral argument for the defendants and appellants.

## OPINION

RINER, Justice.

On the 5th day of December, 1951, there was filed in the office of the Clerk of the District Court in and for Laramie County, a petition entitled:

"ROBERT E. CHEEVER, M. ALLEN PRUETT, JR., and ROBERT ADAMS,

*Plaintiffs,*

vs.

ED WARREN, EDWARD GOWDY, and A. W. TROUT, SR., MAYOR and COMMISSIONERS OF THE CITY OF CHEYENNE, WYOMING, and the CITY OF CHEYENNE, WYOMING, a Municipal Corporation."

Paragraph 1 of that pleading alleges that the City of Cheyenne is a municipal corporation organized and existing under the laws of Wyoming; that the defendant, Warren, is appointed and acting Mayor of said City and that the other defendants above named are the duly elected and qualified Commissioners of said city; and that said named individual defendants comprise the duly qualified and acting Council of said City.

Paragraph 2 of the petition alleges that the plaintiffs above named, Cheever and Adams, are the owners of real estate in said city and are tax payers therein;

that at the regular Cheyenne municipal election held in 1951, the plaintiff, Cheever, was elected Mayor and the other plaintiffs were elected Commissioners; that plaintiffs will under Wyoming law enter upon their official duties as Mayor, Commissioners and Council of said city on January 7th, 1952.

Paragraph 3 of said petition states that the individual defendants aforesaid, acting as the Council of said city, through the newspapers of said county informed persons interested in applying for liquor licenses to file their applications on or before November 13th, 1951, and have through said newspapers published notices that a hearing will be held by said defendants on December 10, 1951, for the purpose of issuing two additional licenses for the sale of intoxicating liquors in said city.

Paragraph 4 of said pleading sets forth a portion of section 53-102 W.C.S. 1945, which reads:

"The Commission may, during any period of time that there exists a shortage in the supply of alcoholic bevages due to reduced manufacture or inadequate distribution, or other cause, ration its alcoholic beverages and apportion its available supply among the licensees in such manner as, in the opinion of the Commission, will provide an equitable distribution thereof among the licensees; provided, however, that during the present war emergency and until six (6) months after the President shall by proclamation declare the war ended, no licenses shall be granted by any city, town or county which will increase the number of licenses in force as of January 1, 1945, unless approved by the Commission."

The remaining portion of plaintiffs' petition reads verbatim thus:

"5. That the President of the United States has not by proclamation declared the war ended and the Wyoming Liquor Commission has not approved the issuance by the said City of Cheyenne of licenses as the defendants

proposed to do, which said two additional licenses would increase the number of licenses in force as of January 1, 1945; and that the issuance of liquor licenses by the City of Cheyenne as the said defendants now propose to do, as herein alleged, would be in violation of the proviso and prohibition of the said Section 53-102.

"6. That until such time as the requirements set forth in the proviso of said Section 53-102 are complied with, any liquor licenses issued by the defendants will be illegal; that the plaintiffs upon assuming the offices to which they have been elected as herein alleged will be duty bound to file a separate suit, as the duly elected Council of said city, against each of the persons to whom said licenses shall be issued for the purpose of having said licenses declared to be void and of no effect; and that to do so will require a multiplicity of suits.

"7. That should said suits result in a determination that said licenses so issued were illegal and void, the persons to whom such licenses would have been issued will have thereby suffered irreparable damage; that should the plaintiffs, at such time as they become the Council of said city, believe in good faith that the licenses so issued were illegal for the reasons alleged herein, the plaintiffs would, in propriety and fairness to all persons holding liquor licenses, refuse to renew the last licenses issued, which would be the two licenses which defendants now propose to issue.

"8. That plaintiffs have no other plain or adequate recourse at law for the purpose of preventing the defendants from proceeding as alleged herein, which proposed proceeding would be in violation of the prohibition contained in said Section 53-102 and, therefore illegal and contrary to the law of the State of Wyoming. "9. That the defendants will issue said two additional licenses on or shortly after December 10, 1951, unless restrained by order of this Court from doing so."

The prayer of said pleading is that the defendants be restrained during the pendency of this suit from issuing any liquor licenses in said city until such time as the President of the United States shall by proclamation declare the war ended and six months thereafter,

or until the Wyoming Liquor Commission shall approve the issuance of additional licenses in said city.

This petition is signed by A. Joseph Williams, as attorney for the plaintiffs. Plaintiffs signed a verification of the pleading "as each of them verily believes."

On December 5th, 1951, also, counsel for plaintiffs made a written application for a temporary restraining order forbidding defendants from issuing any additional liquor licenses in said city during the pendency of this action or until such further order of the court as may eventually be entered in said cause; hearing on this application was requested to be held on December 10th, 1951, in said court at 10:00 a.m.; the petition aforesaid being made a part of this application.

On December 10, 1951, counsel for defendants filed a demurrer as follows:

"The defendants demur to the petition of the plaintiffs on the following grounds:

"1. That it appears on the face of the petition that the plaintiffs do not have legal capacity to bring this action. "2. That it appears on the face of the petition that it does not state facts sufficient to constitute a cause of action against the defendants."

The same day the court entered an order and decree reading thus:

"The above indicated matter having come on regularly to be heard on the demurrer of the defendants, the respective parties being represented by their attorneys of record and the Court having heard argument thereon and examined the files and being fully informed in the premises finds that said demurrer should be denied; and the defendants, having in open court refused to plead further, it is hereby

ORDERED, ADJUDGED AND DECREED that the demurrer of the defendants filed herein is denied; and IT IS FURTHER ORDERED, ADJUDGED AND DE-

CREED that the defendants are hereby restrained and enjoined from issuing the additional liquor licenses designated in the petition filed herein until such time as the Wyoming Liquor Commission shall approve the issuance of additional liquor licenses by said City of Cheyenne, Wyoming, or until the President shall by proclamation declare the war ended; and

IT IS FURTHER ORDERED that a copy of this Order and Judgment be served upon each of the defendants herein forthwith."

Defendants excepted and exception was allowed.

December 14th, 1951, one Philip White, as city attorney, and the individual defendants filed a notice of appeal in the usual form on behalf of all of the defendants aforesaid as regards the judgment and decree entered on December 10, 1951, as above set forth. On January 7th, 1952, counsel for defendants aforesaid filed their specifications of error, these being as follows: "The defendants and appellants assign as grounds for reversal of the temporary restraining order and decree entered in the above entitled matter the following specifications of error prejudicially affecting the substantial rights of the appellants:

"1. That the temporary restraining order and decree herein appealed from which appears in the record on pages 9-10 is contrary to law.

"2. That the court erred in overruling the demurrer of the defendants."

In the brief of appellant, however, filed here February 21, 1952, and entitled:

"ROBERT E. CHEEVER, M. ALLEN PRUETT, JR., AND ROBERT ADAMS,

Plaintiffs and Respondents

vs.

ED WARREN, EDWARD GOWDY, AND A. W. TROUT, SR., MAYOR AND COMMISSIONERS

OF THE CITY OF CHEYENNE, WYOMING, AND THE CITY OF CHEYENNE, WYOMING, A MUNICIPAL CORPORATION

Defendants and Appellants."

it is stated "The second specification of error is waived."

It is apparent from the record before us that counsel for appellant no longer represent the city of Cheyenne and neither on February 21, 1952, when the brief of appellants on the merits was filed here, nor on May 15, 1952, when the motion to dismiss this appeal and brief of respondents thereon was filed, did he or they represent the municipality. Appellants appear to have filed no brief on the motion to dismiss but merely appeared and undertook to argue the matter orally. The respondents' motion to dismiss this appeal, as above mentioned, and upon which the case was heard, is as follows:

"Comes now the Respondents and move that the appeal of the Appellants filed herein be dismissed for the reasons that the individual defendants have ceased to be members of the City Council of Cheyenne, Wyoming, that the appeal in behalf of the defendant City of Cheyenne is unauthorized, that the present members of the City Council of Cheyenne, Wyoming, are not before this court in their official capacities, and that the terms of the liquor licenses which Appellants were enjoined from issuing would have expired by now, thereby rendering these proceedings on appeal moot, abstract and fictitious."

The respondents alone in the instant case who now officially compose the City Council of said city, represent the city of Cheyenne as does their counsel, Williams, who is now its city attorney.

Under the statutes of this state the city of Cheyenne acting through its City Commissioners is the only one of the parties to this litigation by which a liquor license

can be issued. The district court of Laramie County itself cannot issue such a license. Neither can this court. It is the general rule that where, pending an appeal, the circumstances change to such an extent that the appeal involves only an academic question, it will be dismissed. Rasmussen vs. City of Forest Grove 131 Ore. 685, 284 P. 197.

Another way of stating this proposition is that:
"If pending an appeal, an event occurs which makes a determination of it unnecessary or renders it clearly impossible for the appellate court to grant effectual relief, the appeal or writ of error will be dismissed. Thus an appeal will be dismissed where by reason of a change of conditions or circumstances the question has become moot, where the relief sought has already been obtained, * * *" (4 C.J.S. 1967, 1968, § 1362).

It is apparent that the city of Cheyenne, the appellant chiefly concerned in this matter, does not desire to prosecute this appeal. No reason occurs to us why it should be required to do so. The individual appellants, Warren, Gowdy and Trout, do not claim that they are seeking a retail liquor license for themselves or that they could issue a liquor license to anyone. Indeed so far as appears here they have no interest whatsoever in the continuance of this litigation. It has been pointed out infra that no order this court might make would result in the issuance of such a license. It has not been pointed out either how the individual appellants would be benefited by the continuance of this litigation.

4 C.J.S. 1965, § 1361 states that:

"Where an appeal is taken by one who has no interest in the litigation, and therefore no right to a review of the trial court's judgment or decree, or where appellant's right to prosecute the appeal has ceased, or the appeal has been repudiated by appellant, it will be dismissed, * * *"

In Sioux Hudson-Essex Co. v. Iowa Guarantee Mortgage Corporation 59 S. D. 521, 241 N.W. 327 the syllabus for the case reads:

"Appeal repudiated by appellant corporation in president's affidavit must be dismissed on respondent's motion, whether originally authorized or not."

and the court said on page 328:

"From the affidavit filed by the president of plaintiff appellant, it is plain that the present attitude of said corporation is that it repudiates the appeal, does not now desire disposition thereof upon the merits, and, so far as it is concerned, wishes abandonment or dismissal. Assuming the appeal to have been originally authorized as the attorney claims, there is nothing to prevent the client from thereafter changing his mind and seeking the abandonment or dismissal thereof."

Our own case of State vs. Jones, 61 Wyo. 350, 358, 157 P. (2d) 993 points out that:

"As falling within that category it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed."

As we have seen, pending this appeal circumstances have radically changed from the situation prevailing when the appeal was brought here. The city of Cheyenne is no longer represented by the appellants officially or by their counsel. On the contrary the city is here by its duly appointed city attorney requesting the dismissal of the case. The appealing parties here, other than the city, are merely private citizens with no connection with the city government whatsoever.

If this court should affirm the order under review the situation would not in the least be altered. If this court should reverse that order the District Court could not in this suit, as already indicated above, issue a liquor license. That would be a matter for the re-

spondents, now the official commissioners of the City of Cheyenne to determine. It is clear that that body would not issue any license. It is apparent that they are satisfied with the situation now prevailing and the city, the chief appellant has, through its city attorney, voluntarily asked for dismissal of the suit. No valid reason that we can perceive exists why that request should not be granted. No authorities in point are called to our attention which would indicate the case should be retained.

A license for the sale at retail of liquor as stated in Chapter 136 Session Laws of Wyoming, 1949, is merely "a personal privilege good for one year unless sooner revoked." If it had happened that the appellants had in any way granted a license before they went out of office that license would, by its terms pursuant to the statute, by the time this case could be heard on the merits have expired and a situation would have prevailed precisely as it appeared in Jones vs. State supra, and a dismissal of the appeal would also be required as was accomplished in that case.

We may note also that if the motion to dismiss should not be granted the result would be to compel the city to continue to engage in this and perhaps other litigation and expend its money thereon which its duly appointed officers do not desire to do. They know the financial needs of the city; this court does not; it is not shown that the defendants would be injured by dismissal of the case which is now pending. After the defendants' demurrer was overruled by the court without seeking permission to file an answer they saw fit simply to stand on their demurrer and allow final judgment to be passed against them. Our conclusion is that no useful purpose would be subserved by retaining the case here and it is accordingly dismissed.

*Dismissed.*

BLUME, C. J., and ILSLEY, J., concur.