Fifi BELONDON, aka Sonja Day, aka Sunny Day, aka Sunny Martin, aka Josie Jones, aka Dolly Hammond, and Leo Weiss, Appellants (Defendants below),

v.

STATE of Wyoming, on the relation of Harry E. LEIMBACK, County and Prosecuting Attorney, Natrona County, Wyoming, and Paul V. Danigan, a Citizen of Natrona County, Wyoming, and Chief of Police of the City of Casper, Natrona County, Wyoming, Appellees (Plaintiffs below).

No. 3118.

Supreme Court of Wyoming.

March 22, 1963.

Raymond B. Whitaker, and Jerry A. Yaap, Casper, for appellants.

Norman B. Gray, Atty. Gen., and George J. Argeris, Asst. Atty. Gen., Cheyenne, for appellees.

Before PARKER, C. J., and HARNSBERGER and McINTYRE, JJ.

PER CURIAM.

This is an action under the provisions of § 7–453 to § 7–460, W.S.1957, seeking to enjoin the use of the Van Rooms at 218 West B Street, Casper, allegedly owned by Leo Weiss, operated by Fifi Belondon, and used for the purposes of prostitution. The original petition was filed April 21, 1961. The court sustained one motion to dismiss and overruled a second, whereupon defendants denied generally, and after the lapse of several months, the cause came on for hearing without the presentation of evidence under a stipulation that Weiss was the record owner of the real estate, that on April 10, 1961, he had entered into a contract of sale to Belondon, that each of the defendants knew that prostitution had occurred on the property and that it was being used therefor. Defendants argued that the statutes in question had been repealed and additionally that they were unconstitutional. On February 21, 1962, the court entered a judgment and decree finding that the premises constituted a nuisance and ordering the nuisance abated by the closing of the building for one year, unless sooner released. From this judgment defendants have appealed. The abatement was later canceled upon the filing by defendants of a bond guaranteeing that the property would not be used for prostitution.

The appeal was heard in this court on February 20, 1963, and other cases were set for hearing on the following day. Since the maximum time for closing under the trial court's judgment and under § 7–456, the statute authorizing the abatement, was one year or until February 21, 1963, the litigation is moot. It is settled beyond question in this jurisdiction that when no judgment rendered can be carried into effect the cause is moot and will not be considered. Cheever v. Warren, 70 Wyo. 296, 249 P.2d

163, 167; Morad v. Wyoming Highway Department, 66 Wyo. 12, 203 P.2d 954, 957; In re Welch, 64 Wyo. 49, 184 P.2d 593, 594; State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 P.2d 993, 994–995. Questions of great public importance such as might warrant a relaxation of this rule are not here presented.

Appeal dismissed.