STATE of Wyoming ex rel. MORTGAGE GUARANTY INSURANCE CORPORATION, Appellant (Petitioner),

Verex Assurance, Inc. (Intervenor),

v.

John T. LANGDON, as Commissioner of Insurance for the State of Wyoming, and Wyoming Insurance Department, Appellees (Respondents).

VEREX ASSURANCE, INC., Appellant (Intervenor),

v.

John T. LANGDON, as Commissioner of Insurance for the State of Wyoming, and the Wyoming Insurance Department, Appellees (Respondents).

Nos. 83–16, 83–17.

Supreme Court of Wyoming.

Nov. 7, 1983.

Paul B. Godfrey and George E. Powers, Jr., of Godfrey & Sundahl, Cheyenne, for appellant Mortgage Guaranty Ins., Inc.

Nick Kalokathis of Lathrop & Uchner, P.C., Cheyenne, for appellant Verex Assurance, Inc.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., and John W. Renneisen, Sr. Asst. Atty. Gen., for appellees.

Before THOMAS, ROSE, BROWN and CARDINE, JJ., and GUTHRIE, J., Retired.

PER CURIAM.

The substantive issue sought to be presented by the appellants in these cases is whether a writ of mandamus should issue to compel the Commissioner of Insurance for the State of Wyoming and the Wyoming Insurance Department to hold a hearing with respect to issues which developed in a regulatory matter involving the appellants. The proceedings were being conducted following a remand of those proceedings by this court to the district court with instructions that they be remanded to the Commissioner of Insurance for further proceedings in accordance with the opinion of this court in *Mortgage Guaranty Insurance Corporation v. Langdon*, Wyo., 634 P.2d 509 (1981). The district court denied the Petition for Writ of Mandamus after finding that the duty of the Commissioner of Insurance to hold a hearing following the remand of the proceedings "is not clear, certain, or beyond reasonable argument" and that the petitioners (appellants before this court) "have an adequate remedy at law."

We shall dismiss the appeals because they are moot.

Between the date of filing of the appellants' briefs and the date of filing of the appellees' brief, the Wyoming State Legislature adopted a bill which bore the title, "Competitive Rating Act." Ch. 186, S.L. of Wyoming 1983. The bill became law without the Governor's signature on March 10, 1983, and specifically provided for an effective date of July 1, 1983. The thrust of the statute was to provide for a presumption of competitive markets with respect to insurance coverage, and to limit the authority of the Commissioner of Insurance to rate regulation in what is defined as the noncompetitive market. The parties are in accord that the insurance coverage provided by the policies involved in the present dispute is offered in a competitive market and no longer is subject to regulation by the Commissioner of Insurance.

By a supplemental brief furnished in response to an order of this Court, the appellants concede the mootness of these cases. In a Supplemental Brief of Appellees, the appellees contend that the issues in this case have not been rendered moot by the adoption of Ch. 186, S.L. of Wyoming 1983. In that brief the appellees, as indicated, concede the loss of regulatory and supervisory authority by the Commissioner of Insurance, but they contend that one of the propositions articulated in this court's opinion in *Mortgage Guaranty Insurance Corporation v. Langdon*, supra, continues to be a viable issue in other areas of insurance law. The appellees seek what we are persuaded is an advisory opinion with respect to this issue. In presenting this argument the appellees fail to consider the limited scope of these appeals which deals only with the propriety of the denial of a writ of mandamus by the district court. If we could issue such an advisory opinion we could not reach that question in these appeals.

In a number of cases this court has had occasion to invoke the rule that when it has notice of facts which have the effect of making a determination by this court of a question unnecessary, or which would render any judgment this Court might pronounce ineffectual, the appeal should be dismissed. *Northern Utilities, Inc. v. Public Service Commission of Wyoming,* Wyo., 620 P.2d 139 (1980); *Shaffer v. Lee,* Wyo., 616 P.2d 779 (1980); *In the Matter of Estate of Frederick,* Wyo., 599 P.2d 550 (1979); *Belondon v. State ex rel. Leimback,* Wyo., 379 P.2d 828 (1963); *Cheever v. Warren,* 70 Wyo. 296, 249 P.2d 163 (1952); *State ex rel. Schwartz v. Jones,* 61 Wyo. 350, 157 P.2d 993 (1945); *Scott v. Ward,* 49 Wyo. 243, 54 P.2d 805 (1936). The specific repeal by Ch. 186, S.L. of Wyoming, 1983, of the particular statutes under which these regulatory proceedings were pursued by the Commissioner of Insurance has exactly that effect.

The general rule is that the repeal of a statute has the effect of extinguishing pending litigation brought under its provisions in the absence of a savings clause. The powers to regulate which were invoked by the Commissioner of Insurance were extinguished by the repeal of those statutes in the "Competitive Rating Act" with no provision allowing pending litigation to continue. *Flanigan v. Sierra County,* 196 U.S. 553, 25 S.Ct. 314, 49 L.Ed. 597 (1905); and *Department of Social Welfare v. Wingo,* 77 Cal.App.2d 316, 175 P.2d 262 (1946). See *Mahoney v. State,* 5 Wyo. 520, 42 P. 13, 63 Am.St.Rep. 64 (1895); and *State Highway Commission v. Wieczorek,* S.D., 248 N.W.2d 369 (1976). With the abrogation of the power of the Commissioner to regulate the type of insurance coverage involved in the pending proceedings, the proceedings brought under that authority lost their viability and the matters became moot.

IT THEREFORE IS ORDERED that these appeals be, and they hereby are, dismissed.