In the Interest of AJ, a Minor.

**Appeal of The STATE of Wyoming, Appellant (Petitioner).**

No. C–86–3.

Supreme Court of Wyoming.

May 1, 1987.

A.G. McClintock, Atty. Gen., Peter J. Mulvaney, Deputy Atty. Gen., Richard E. Dixon, Asst. Atty. Gen., for appellant.

Karen Maurer, County and Pros. Atty., Laramie, for appellee.

Tony S. Lopez, Laramie, guardian ad litem.

Maureen D. Rogers, Asst. Dist. Atty., Cheyenne, for amicus curiae.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

## ORDER DISMISSING APPEAL

BROWN, Chief Justice.

This case came on before the Court as an appeal regularly filed, docketed, briefed and argued, and the Court having considered the file and record of the court, the briefs of the parties and the amicus curiae, and the arguments of counsel for the parties and the amicus curiae, finds that the substantive question presented by the appeal has become moot because of the occurrence of an event which makes a determination of the issues unnecessary; any judgment of the court could not be carried into effect; any opinion of the court would be advisory only; and the case should be dismissed for the following reasons:

AJ, a minor child, was presented to the District Court of the Second Judicial District of the State of Wyoming in and for Albany County by a petition filed pursuant to § 14-6-212,[1] W.S.1977 (July 1986 Rev.), alleging that the child was a "child in need of supervision" as defined in § 14-6-201, W.S.1977 (July 1986 Rev.). In the regular course of proceedings, AJ appeared with her attorney and guardian ad litem, admitted the truth of the allegations contained in the petition and her temporary legal custody was transferred to the Albany County Office of Public Assistance and Social Services. A formal evaluation was ordered pursuant to the provisions of § 14-6-219(a), W.S.1977 (July 1986 Rev.), and the court also required that a predisposition study and report be furnished by the Albany County Office of Public Assistance and Social Services pursuant to § 14-6-227, (a)(i), W.S.1977 (July 1986 Rev.). Following interim proceedings and modifications of the court's order, an order of final disposition was entered on February 3, 1986. Disposition was made pursuant to the provisions of § 14-6-229(a), W.S.1977 (July 1986 Rev.), and the court made appropriate findings pursuant to § 21-13-315, W.S.1977 (July 1986 Rev.). It ordered that AJ be placed at the Excelsior Youth Center, Denver, Colorado, for such period as the staff psychiatrist at that institution deemed necessary to complete a treatment program for the child; that the Albany County Office of Public Assistance and Social Services continue as the legal custodian of AJ; and that the State Department of Public Assistance and Social Services certify funding for the program at Excelsior Youth Center.

The State of Wyoming processed an appeal from that order which is the case before the Court. The issue as articulated by the State in its brief of appellant is:

"DO JUVENILE COURTS HAVE THE POWER TO ORDER THE STATE OF WYOMING TO PAY FOR PLACEMENT OF CHILDREN IN PRIVATE RESIDENTIAL TREATMENT FACILITIES AND HOMES IN A MANNER OTHER THAN THAT PROVIDED BY W.S. 21-13-315?"

In the brief of the appellee, a more elaborate statement of the issue, which also is adopted in the amicus curiae brief, is set forth:

"WHETHER JUVENILE COURTS HAVE THE POWER TO ORDER A DISPOSITION IN A JUVENILE CASE PURSUANT TO WYOMING STATUTE § 14-6-229 OR WHETHER WYOMING STATUTE § 21-13-315 AFFECTS THE JUVENILE COURT'S AUTHORITY TO MAKE A DISPOSITION.

"A. Wyoming Statute § 21-13-315 provides a mechanism whereby state agencies responsible for placement of juveniles in private child care facilities or homes may apportion the cost, and said statute does not affect the Juvenile Court's authority to make a disposition.

"B. The Juvenile Court's disposition did not overreach statutory nor constitutional boundaries."

---

**1.** The record reflects that the parties referred to this statute and those that follow as existing in the 1985 Cumulative Supplement. Subsequently, each provision was removed from the supplement and put in the general revisions of Titles 14 and 21 without change and now exist in the July 1986 revision of those titles.

The crux of the position of the parties evolves from the fact that, at the time the order of the district court was entered, the State Department of Public Assistance and Social Services informed the court that the funding for the private placement could not be certified, as required in § 21–13–315, W.S.1977 (July, 1986 Rev.). The district court ordered the private placement in any event, and stated in a most positive manner that it expected that the bills would be paid. We are invited to consider the inherent power of the district court to order the payment of such bills even though the funding could not be certified pursuant to the statute. These questions indeed are intriguing, and their significance in an appropriate instance could not be denied.

In this case, however, the freeze which had been placed on funding for placement of children such as AJ on January 6, 1986, by Julia Robinson, Director of the State Department of Public Assistance and Social Services, was released the day following the hearing on the disposition of AJ. This was the result of an emergency supplemental appropriation made available by the legislature of the State of Wyoming on the evening of January 23, 1986. The effect was to make the issues in this case moot.

 We are committed to the rule that an appellate court will dismiss a case if, pending appeal, an event occurs which makes the determination of the issues presented unnecessary and thus renders the case moot. *Gulf Oil Corp. v. Wyoming Oil & Gas Conservation Commission,* Wyo., 693 P.2d 227, 233 (1985); *Northern Utilities, Inc. v. Public Service Commission of Wyoming,* Wyo., 620 P.2d 139, 140 (1980). That happened in this case. The disposition of AJ and the efficacy of the order entered by the district court will continue without change regardless of the determination of the issues by this court. The case is moot and will not be considered because the judgment rendered cannot be carried into effect. *Walker v. Board of County Commissioners, Albany County,* Wyo., 644 P.2d 772, 773–774 (1982); *Belondon v. State ex. rel. Leimback,* Wyo., 379 P.2d 828, 829 (1963).

Recognizing the potential of a conclusion of mootness, the State of Wyoming has requested that we decide this case on the merits because the circumstances will arise in the future. In *State ex rel. Schwartz v. Jones,* 61 Wyo. 350, 157 P.2d 993, 995 (1945), this Court adopted the following language from the Supreme Court of Texas and the Court of Appeals of Kentucky:

" * * * 'Courts do not sit for the purpose of expounding the law upon abstract questions, but to determine the rights of litigants by the rendition of effective judgment. *Ex parte Steele* (D.C. [Ala. 1908]) 162 F. 694.' " *McNeill v. Hubert,* 119 Tex. 18, 23 S.W.2d 331, 333 (1930).

" * * * 'As falling within that category [moot cases] it is well established that where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed.' " *Hudspeth v. Commonwealth,* 204 Ky. 606, 265 S.W. 18, 19 (1924).

Appropriate judicial restraint should be exercised when a controversy has been resolved and thus become moot at the time the case is presented to this court. Advisory opinions generally are to be avoided because the adversary system does not function as contemplated in the absence of a case or controversy. We also know that the docket of this Court has expanded to the point at which the investment of time and effort in cases in which no controversy exists, or the controversy is simply one which it is assumed will arise in the future, is not prudent.

IT THEREFORE IS ORDERED that this appeal be, and it hereby is, dismissed because it has become moot by virtue of events which occurred subsequent to the entry of the order appealed from.

URBIGKIT, J., dissents.