737 P.2d 1060 (1987)
H. Leroy GRAHAM, Chester C. Engstrom, and Gerald R. Colson, Petitioners,
v.
WYOMING PEACE OFFICER STANDARDS AND TRAINING COMMISSION, Respondent.
No. 86-255.
Supreme Court of Wyoming.
June 4, 1987.
K. Craig Williams, Deputy County and Pros. Atty., Rawlins, for petitioners.
A.G. McClintock, Atty. Gen.; Gerald P. Luckhaupt, Asst. Atty. Gen., for respondent.
Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.
URBIGKIT, Justice.
In this district court certification from a decision of the Wyoming Peace Officer Standards and Training Commission (POST), we review a challenge initially instituted by three persons but now continued on appeal by only one ex-deputy sheriff. In claiming course analysis discrimination as a justification for nonattendance at the Wyoming Law Enforcement Academy, appellant challenged the application of the competency training program and appealed the commission's adverse decision by a petition for review in district court.
Anything litigated as diligently, antagonistically, and comprehensively as this conflict between the Carbon County Sheriff and POST perhaps deserves a more fitting conclusion, but unfortunately we find that the present request under the circumstance is for this court to issue an advisory opinion, and consequently we dismiss the appeal as moot.
Three deputy sheriffs, in the employ of the Carbon County Sheriff and at the direction of their boss, declined to participate in a Wyoming basic training program at the Wyoming Law Enforcement Academy as required by POST. This is the second of two lawsuits involving their rejection of the training program. The first, instituted by the State of Wyoming as quo warranto, culminated in a district court decision which challenged the continued employment of the three litigants but matured to an appeal status after this case and has since been dismissed by stipulation of the litigants that the issues were moot. Colson v. State ex rel. Meyer, No. 87-29. This case constitutes an appeal from the administrative agency first taken to the district court and then certified without hearing to this court pursuant to Rule 12.09, W.R.A.P.
The Wyoming Peace Officer Standards and Training Commission was established by Ch. 178, S.L. of Wyoming 1971 for the purpose of raising standards of peace officers within the state. As a stated purpose, the statute provides:
"(e) The commission shall establish standards for certification of peace officer *1061 training. The commission shall establish:
"(i) Requirements concerning courses of study, attendance, equipment and facilities for peace officer training;
"(ii) Qualifications for peace officer training instructors;
"(iii) Basic training requirements for peace officers appointed to probationary employment;
"(iv) Basic training requirements for nonprobationary peace officers appointed on other than a permanent basis. The commission shall establish a time within which basic training shall be completed following appointment on a nonpermanent basis for an officer to be eligible for continued or permanent employment;
"(v) Categories or classifications of advanced in-service training programs and minimum courses of study and attendance requirements with respect to the categories or classifications." Section 9-1-702, W.S. 1977, 1986 Cum.Supp.
Approximately ten years after its establishment, the commission apparently determined that it was not adequately fulfilling its function, and adopted formal rules and regulations for required POST-certified training in order to be qualified as a peace officer.
Sheriff C.W. Ogburn of Carbon County and the agency came into well-publicized conflict about any requirement that deputy sheriff personnel in Carbon County should be obligated to seek training under the POST program or at the state Law Enforcement Academy. Sheriff Ogburn was defeated in the election of 1986, and two of the three deputies were hired by the successor Sheriff and recently completed the state training program at the Academy in compliance with the POST requirement. As a result, they are out of the lawsuit. The third deputy, H. Leroy Graham, was not retained by the new Sheriff and is not now employed as a peace officer as defined by Wyoming statute; the Attorney General, Honorable A.G. McClintock, has retired; Sheriff C.W. Ogburn, has been replaced by the electorate; and finally, a significant change in the membership of POST has occurred including the appointment of a new director.[1]
In contending for continued vitality of the litigation, appellant Graham claims that a favorable decision for him would mean that he might then be training certified so that a new employer would be saved the time otherwise required to allow him to attend the Academy. Consequently, it would save time which would be missing from his availability to benefit the employer since he would not have to attend any training program, thus improving his potentiality for police work re-employment.
In response to the court's order to show cause why the appeal should not be dismissed as moot, appellant phrased this contention:
"Whether Mr. Graham is certified or not is an important issue which has significant repercussions on Mr. Graham's ability to be reemployed in law enforcement in the State of Wyoming in the future. Wyo. Stat. § 9-1-705 (1977) imposes on a department the costs of paying their officers' salaries while they receive training. An individual who has been certified as having completed basic is therefore in a better position for employment because it saves the prospective hiring department the costs of training. In addition, the State takes the position in this litigation, and the quo warranto, that Mr. Graham has used up the 2-year grace period allowed by Wyo. Stat. § 9-1-704 (1977) within which peace officers must receive their basic training after they are hired. *1062 Someone who has not previously engaged in law enforcement could thus be hired by a department and put to work on a trial basis, but the Commission takes the position that Mr. Graham could not do so, and the State's existing quo warranto action gives credence to its threat to take action against him should he attempt to do so." (As noted, after filing of this response, the pending quo-warranto proceeding was dismissed by the parties as moot.)
In the original petition filed with POST, Graham requested by prayer:
"* * * [T]hat upon the hearing of this matter the Commission determine that the Petitioner has satisfactorily completed a basic training program and that he receive the appropriate certificate."
The administrative commission, POST, following the requested hearing, by order and conclusions of law found that Graham had not
"* * * [C]ompleted an approved basic training program within two years of [his] appointment as [a peace officer and was] in violation both of the state statute and the Rules and Regulations of this Commission."
Essentially, the argument involved the question of basic training courses versus advance training as the courses were certified by the commission. The prayer presently before this court, initially included in the petition for review with the district court, requested that:
"* * * [T]he court make and enter an Order holding unlawful and setting aside the Commission action denying certification and ordering the Wyoming Peace Officers Standards and Training Commission to certify the petitioner as having completed basic training."
It is apparent that we are being asked to redetermine a factual question which was within the specific functional purview of the POST commission as a legislatively created state agency. See LeFaivre v. Environmental Quality Council, Wyo., 735 P.2d 428 (1987); Trout v. Wyoming Oil and Gas Conservation Commission, Wyo., 721 P.2d 1047 (1986); Big Piney Oil and Gas Co. v. Oil and Gas Conservation Commission, Wyo., 715 P.2d 557 (1986); and Citizens of Otto v. Wyoming State Committee for School District Organization, Wyo., 705 P.2d 831 (1985). Even if this court were to ignore the bountiful authority relative to the significance of factual findings by an administrative agency, City of Cheyenne Policemen Pension Board v. Perreault, Wyo., 727 P.2d 702 (1986), we are faced with the requested challenge to require the commission to certify an individual as qualified who is not presently engaged in pursuit of activities within the statutory definition of a peace officer. See § 7-2-101, W.S. 1977, 1986 Cum.Supp. Certainly this court would not be justified in consideration of this record to factually determine a differential between the contentions as to whether or not the disinclination of appellant to attend the Law Enforcement Academy was justified by alternative educational pursuit. If we were to remand for another hearing, we would be asking the present commission to hold a hearing on behalf of someone who is not presently engaged in a covered occupation. See Walker v. Karpan, Wyo., 726 P.2d 82 (1986), as an illustration of the mootness status.
This court has repeatedly said that it will not issue advisory opinions. State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 P.2d 993 (1945) is directly in point and controlling. See also Northern Utilities, Inc. v. Public Service Commission of Wyoming, Wyo., 617 P.2d 1079 (1980); Belondon v. State ex rel. Leimback, Wyo., 379 P.2d 828 (1963); and Cheever v. Warren, 70 Wyo. 296, 249 P.2d 163 (1952).
We have last restated this principle in 1985, in Gulf Oil Corporation v. Wyoming Oil and Gas Conservation Commission, Wyo., 693 P.2d 227, 233 (1985):
"We have often repeated the universal rule that a reviewing court will dismiss a case when, pending appeal, an event occurs which renders a cause moot and makes a determination of the issues unnecessary. Northern Utilities, Inc. v. Public Service Commission of Wyoming, Wyo., 620 P.2d 139, 140 (1980); *1063 State ex rel. Schwartz v. Jones, 61 Wyo. 350, 157 P.2d 993, 995 (1945). Appellate courts will not hand down decisions which cannot be given effect or which pertain to matters that may arise in the future. Northern Utilities, Inc. v. Public Service Commission of Wyoming, Wyo., 617 P.2d 1079, 1085 (1980); Belondon v. State ex rel. Leimback, Wyo., 379 P.2d 828, 829 (1963)."
Any issues which may develop in the future could more currently be considered by the new employer and the then membership of POST. If a viable conflict continued, an actual controversy could be created which at that time would justify judicial resolution.
The appeal is dismissed as moot.
NOTES
[1] These acrimonious lawsuits have included a challenge by counsel for appellants as the deputy county attorney of Carbon County to the authority of the Attorney General's office to represent the state, since the Attorney General is designated to serve as chairman of POST. The Attorney General's office reciprocated with a challenge to the right of a deputy county attorney to represent individuals in conflict with the state agency. K. Craig Williams, previously a member of the Carbon County Prosecuting Attorney's office, is now solely in private practice. In order to end this battle which takes on some of the aspects of the General Ulysses S. Grant Wilderness campaign, we decline to review or consider the personality and office-status contentions made by counsel, or the ethical problems, if any, which were asserted.