JOSEPH HESS et als. v. EDWARD WINDER et als.

Injunction as to Mining Claim.—When the title to a mining claim is in controversy, an injunction may be granted to preserve the property pending the litigation.

Dissolution of Injunction.—If, in an action to try the right to a mining claim, a preliminary injunction is granted on plaintiff's motion, and, on appeal to the Supreme Court, a judgment in favor of plaintiff is reversed and a new trial granted, this granting of a new trial does not entitle the defendant to a dissolution or modification of the injunction.

Injunction when New Trial Ordered.—If the plaintiff is entitled to an injunction, and obtains one before the trial, he is entitled to retain it upon the cause being remanded for a new trial.

Appeal from the District Court, Tenth Judicial District, Sierra County.

On the 11th day of August, 1864, the plaintiffs commenced an action against the defendants, in the District Court, to recover the sum of twenty thousand dollars, for an alleged trespass upon the plaintiffs' mining claims in Sierra County. The Judge of the District Court, on the 11th day of August, granted an injunction upon the complaint alone. The case was tried, and plaintiffs recovered judgment. This judgment was reversed by the Supreme Court. (See Hess v. Winder, 30 Cal. 349.) After this reversal, and on the 24th day of November, 1866, the Judge, on motion of the defendants, modified the injunction so as to permit the defendants to work on a portion of the claim. From this order modifying the injunction, and from an order subsequently made, refusing to set aside the order modifying, the plaintiffs appealed.

The order modifying the injunction was made on the pleadings and the opinion of the Supreme Court. No one appeared on behalf of the plaintiffs to contest it.

The following is the opinion of the District Judge on the motion to set aside the order modifying the injunction:

" The injunction was modified by an order made on the

24th day of November—no one appearing on behalf of plaintiffs to contest the motion.

" The plaintiffs now move, on affidavits, to set aside that order, and the defendants oppose the motion by counter affidavits. If the case were newly commenced and the application were for an injunction upon the pleadings and affidavits before me, I should grant the order, upon the ground that when there is reasonable ground for contest as to the ownership of mining property, the property should be preserved until the litigation is terminated.

" The case is not new, however; on the contrary, there has been a trial, and upon the showing made by the plaintiffs, the Supreme Court says they were not entitled to judgment.

" The defendants now insist, and, I think, rightly, that an injunction should not now be granted or continued, except upon a showing sufficient to have given the plaintiffs a new trial, if the verdict had been as the Supreme Court says it ought to have been.

" The motion is denied, and plaintiffs except.

"　　　I. S. BELCHER, District Judge.

" DECEMBER 15th, 1866."

HARVARD LAW SCHOOL LIBRARY

*Creed Haymond,* for Appellants.

The opinion of the Supreme Court referred to should not affect the matter—its opinion being based on the evidence contained in the statement on motion for new trial in the case in which it was rendered—and going to the point, that in absence of proof of local customs, the plaintiffs' evidence did not make such a case as warranted a verdict in their favor. The decision of the Supreme Court was, that the " judgment of the Court below be reversed and a new trial granted," thus remitting the parties to all their original rights under the pleadings, and placing the case in the same position as though no trial had ever been had ; therefore we will assume that we are correct in saying that the motion

was heard and the order made on the complaint and answer alone.

In *The Merced Mining Company* v. *Fremont*, 7 Cal. 328, it is said " that when there is reasonable ground to apprehend the commission of irreparable mischief pending the litigation, and the title be matter of doubt, the Court should restrain both parties. * * * The party restrained in case of reasonable doubt, has at least these advantages : First—The property is left untouched for the time, and upon the termination of the suit in his favor returns to him unimpaired. Second—He has not only his remedy against the opposite party, but also against his sureties. But in case the party is not restrained and the suit should terminate adversely to him, the other party must rely solely upon his personal responsibility."

*James A. Johnson*, also for Appellants.

[No brief on file for Respondents.]

By the Court, RHODES, J. :

The learned Judge of the Court below was of the opinion that this was a proper case for an injunction, on the ground that the title to the mining ground is in controversy between the parties, and that the property should be preserved pending the litigation—and such is the doctrine repeatedly announced by this Court—but that, as this Court were of opinion that upon the record before them (See 30 Cal. 349) the plaintiffs were not entitled to judgment, an injunction should not now be granted or continued except upon a showing sufficient to have given the plaintiffs a new trial, had the verdict been for the defendants. We do not agree with this view, as to the effect to be attributed to the decision of this Court. The decision was not that the plaintiffs were not entitled to relief upon the facts stated in their complaint, but only that upon the evidence contained in the

statement, the plaintiffs were not entitled to recover. The statement has no office to perform on the new trial. Perhaps it did not contain all the evidence given by the plaintiffs to prove title, and if it did they may, on the new trial, offer other or further evidence.

When the judgment was reversed and the cause remanded for a new trial, it was returned to that Court for a trial upon the issues, and it stood in the same attitude, in all respects, as before the former trial. If the plaintiffs were entitled to an injunction before the former trial, and the injunction was ordered, they were entitled to retain it, upon the cause being remanded for a new trial.

Order modifying the injunction reversed.

Mr. Justice SHAFTER expressed no opinion.