[No. 4388.]

THE STATE BOARD OF EQUALIZATION ET AL. V. THE PEOPLE EX REL. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY ET AL.

**Appellate Practice—Determination of Issue—Dismissal.**

On petition of certain railroad companies, that part of the revenue act of 1901 creating a board of assessors and providing for the assessment of railroad property by such board was held unconstitutional by the district court and a writ of mandamus was issued requiring the state board of equalization to proceed to assess such property. Pending a review of the judgment of

the district court upon writ of error the legislature repealed that part of the revenue act, and the state board of equalization proceeded to obey the mandamus and assessed the property. Held that the controversy between the parties being determined and the plaintiff in error having satisfied the judgment of the district court by making the assessment there was no issue to be determined by the supreme court and the writ of error should be dismissed.

### Error to District Court of Pueblo County.

Mr. C. C. POST, attorney general, Mr. C. A. ROBERTS, Mr. JAMES D. MERWIN and Mr. GEORGE M. POST, assistants attorney general, and Mr. R. S. MORRISON, for plaintiffs in error.

Messrs. WOLCOTT, VAILE & WATERMAN, Messrs. TELLER & DORSEY, Messrs. ROGERS, CUTHBERT & ELLIS, Mr. E. E. WHITTED and Mr. CHAS. E. GAST, for defendants in error.

*Per Curiam.*—Motion of defendants in error to dismiss the writ of error. Under the law in force before the passage of the general revenue act of 1901, the state board of equalization possessed the power of assessing for taxation railroad property. That act purported to take from that board such power, and to confer it upon another body called the state board of assessors, created by that act. Certain railroad companies of the state, because they questioned the constitutionality of this provision and claimed that the state board of equalization was the only body that could exercise such power, brought this action in the district court of Pueblo county for a writ of mandamus to compel the equalization board to proceed under the general revenue laws of the state to assess for taxation their properties. The district court issued the writ prayed for, to reverse which the state board of equalization sued out this writ of error, and upon its application the same was made to operate as a *supersedeas.*

Pending these proceedings, the United States circuit court for the district of Colorado, at the instance of the defendants in error here, enjoined the state board of assessors from assessing their property, and the writ of injunction was issued upon the ground that under the constitution of Colorado such power was vested in the state board of equalization, and the general assembly could not take it away.

Afterwards the equalization board, through the attorney general, its counsel, appeared in this action in this court, and asked to have entered an order setting aside the *supersedeas* theretofore granted, which was done, the effect of which was to leave in force the writ of mandamus issued by the district court; and thereupon the state board of equalization proceeded to comply with that writ, and assessed the property of the railroad companies in accordance with its mandate, upon which assessment taxes have been levied and collected. It further appears that the general revenue act of the thirteenth general assembly, passed in 1901, was repealed at its special session in 1902.

Upon this showing defendants in error ask a dismissal of the writ since there is no longer pending a controversy between the parties to this suit. The attorney general, in behalf of plaintiffs in error, resists the application upon the ground that it is for the good of the state to have an adjudication as to the constitutionality of the provision taking from the state board of equalization, and conferring upon the state board of assessors, the power to assess property of this character, though the statute so providing is repealed, and upon the further ground that there are other provisions of the general revenue act of 1901 imposing certain licenses and special taxes, as to the validity of which it is desirable to have the opinion of this court.

Courts are constituted for the purpose of deter-

mining live questions between parties who are interested in, or affected by, such determination. It is no part of their duty to decide moot or merely abstract questions. This case has passed beyond the moribund stage. It is dead. The only question in which the present parties are concerned is purely academic and decision of it would be of no benefit to the state or the corporations concerned. The state board having asked for a vacation of the *supersedeas,* and having fully satisfied the judgment of the district court by making the assessments which it commanded, can not now be heard to complain of the very order which it has obeyed. If the judgment below should be set aside, then the assessment of railroad property for the year 1901 would be invalid, did not the assent of the parties affected estop them to complain, and the state would gain nothing by such decision. If, on the other hand, the decision be affirmed, the act of the board in assessing the property would not be fortified, because both the state and the corporations have already acknowledged its binding force. It is impossible to conceive what benefit could accrue to either of the parties by longer continuing this litigation. The plea that it is desirable to obtain the opinion of this court as to the validity of the other provisions of the general revenue act now repealed, is no reason for retaining jurisdiction of this cause. If there is any question about their validity, it may be determined in an appropriate action where the parties affected are present in court with an opportunity to be heard, but defendants in error are not raising any question about the validity of such provisions, and the state board of equalization is not charged with the duty of enforcing them.

For these reasons the writ of error is dismissed.

*Dismissed.*