## PORTLAND v. INVESTMENT COMPANY.

[117 Pac. 991.]

APPEAL AND ERROR—MOOT QUESTIONS—REVIEW.

An appeal from a judgment dismissing an appeal from an assessment for laying out a city street will be dismissed, where, pending the appeal, the city has repealed the ordinance making the assessment.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is a proceeding by the city of Portland to establish a street.. From a judgment of the circuit court dismissing an appeal by the Investment Company for an assessment of benefits and damages, it appeals.

Respondent, city of Portland, now moves to dismiss appeal.                                                    DISMISSED.

*Mr. Frank S. Grant,* city attorney and *Mr. H. M. Tomlinson* for the motion.

*Mr. Ralph R. Duniway, contra.*

Opinion by MR. CHIEF JUSTICE EAKIN.

By ordinance No. 21,890 of Portland, adopting the report of the viewers in the matter of the proposed opening, laying out and establishing of Simpson Street, between the east line of West Piedmont and the west line of Commercial streets, an assessment is made of the benefits ` and damages set forth in the report, passed August 24, and approved August 29, 1910. Defendant, who is the owner of lots affected by the assessment, appealed from such ordinance to the circuit court, and on motion of plaintiff the appeal was dismissed, for the reason that it was not taken within the time provided by law, from which order of dismissal the defendant appeals.

The transcript was filed in this court May 17, 1911. On September 8, 1911, the plaintiff filed a motion, supported by affidavits, to dismiss the appeal, for the reason that Ordinance No. 21,890 was repealed by Ordinance

No. 23,519, passed June 15, 1911, and all assessments made in the proceeding, out of which the matter in controversy in the action grew, were canceled, and there is now no dispute or controversy to be litigated or determined. Defendant resists the motion, urging that the question whether the time for appealing is twenty days from the passage of the ordinance (August 24th) or the date of its approval by the mayor (August 29th) should be determined, being the point involved on the motion to dismiss the appeal in the circuit court.

The object of the appeal to the circuit court was to determine the validity of the ordinance and assessments made thereby against the defendant's property. The ordinance being repealed, there is no assessment against plaintiff's property at this time, and there is nothing to be litigated in the circuit court, if the case was reversed and remanded. The rule is general that, when any event occurs pending an appeal which renders it impossible for the court to grant the relief sought, it will not proceed to final judgment, but will dismiss the appeal. It will not give opinions on mooted questions or mere abstract propositions of law, following *State* v. *Grand Jury*, 37 Or. 542 (62 Pac. 208), and cases there cited; also, *State* v. *Fields*, 53 Or. 453 (101 Pac. 218).

The appeal is dismissed.                    DISMISSED.