[Civ. No. 5913. Third Appellate District.—January 8, 1938.]

JOHN O'NEAL, Appellant, v. W. A. SEABURY, as County Livestock Inspector, etc., et al., Respondents.

David E. Peckinpah and Barcroft & Barcroft for Appellant.

George Mordecai, District Attorney, for Respondents.

THOMPSON, J.—The plaintiffs have appealed from a judgment which was rendered against them, dismissing their action following an order sustaining a demurrer to their complaint without leave to amend the pleading. The complaint alleges that certain officers of the county of Madera threaten to enforce against the defendants the provisions of an ordinance of that county, number 164, adopted to create a "Tuberculosis Control Area" for the purpose of inspecting, segregating and testing cattle for the purpose of eradicating tuberculosis therefrom; that the ordinance is in conflict with the provisions of the Agricultural Code of California (Deering's Supp. to Gen. Laws of Calif., 1933, p. 771, Act 144), with respect to the same subject. The complaint merely prays for an injunction to prohibit the officers of the county from enforcing the provisions of the ordinance. A general demurrer to the complaint was filed. The demurrer was sustained. The plaintiffs failed to amend their complaint. No request to be permitted to amend their pleading was made. Judgment of dismissal of the action was subsequently rendered. From that judgment this appeal was perfected.

Under the provisions of section 234 of the Agricultural Code, the department of agriculture of the state of California formerly established a district or area, including the entire state, with the exception of Madera and certain other counties, for the purpose of enforcing inspection, segregation and testing of beef and dairy cattle to eradicate tuberculosis

therefrom. Madera and other counties were formerly excluded from the general state area of the tuberculosis district pursuant to the provisions of section 234.5 of the code, which reads as follows:

"The director may withdraw one or more counties within a tuberculosis control area from such an area when the funds available for indemnity and administration are not sufficient to continue the work under the provisions of this article."

Pursuant to the provisions of section 234.25 of the code, the county of Madera thereupon established a tuberculosis control district including the entire territory of that county, and enacted ordinance number 164, which is involved in this appeal.

While the ordinance was in force this suit for injunction was brought against the defendants. Before the appeal in this case was submitted to this court for determination, pursuant to the authority conferred upon the agricultural department of the state of California by division II of the Agricultural Code, that department of the state, on July 3, 1937, formally included the county of Madera within the general "tuberculosis control area" of the state and thereby made it a part of the state district bringing the county of Madera under the exclusive control of the agricultural department of the state with respect to the inspection, segregation and testing of beef and dairy cattle to eradicate tuberculosis therefrom. This act including Madera County in the state tubercular control area had the effect of abrogating the tubercular ordinance of that county, number 164, which was involved on this appeal. The proclamation of the agricultural department which has the effect of abrogating the ordinance in question reads as follows:

"STATE OF CALIFORNIA
"DEPARTMENT OF AGRICULTURE
"TUBERCULOSIS CONTROL AREA
"PROCLAMATION
"TO WHOM IT MAY CONCERN:

"Under and by virtue of the authority and power conferred upon me as Director of Agriculture of the State of California, as provided in and by Article 3 of Chapter 3 of Division II of the Agricultural Code, I do hereby establish, maintain, and proclaim that certain area included within

the exterior boundaries of the Counties of Sonoma, Marin, Napa, Glenn, Colusa, Yolo, Solano, Sutter, Yuba, Sacramento, Sierra, Nevada, Placer, El Dorado, Amador, Contra Costa, San Joaquin, Stanislaus, Merced, Madera, Fresno, Kings, Tulare, San Benito, Monterey, San Luis Obispo, Calaveras, Tuolumne, Mariposa, Alpine, Mono, and Inyo, in the State of California, and the whole of said area, to be a 'tuberculosis control area', as defined in and by said Agricultural Code.

"IN WITNESS WHEREOF, I have hereunto set my hand and caused the seal of the Department of Agriculture of the State of California to be hereunto affixed at my office in Sacramento, California, this third day of July, 1937.

" (Seal)                              (Signed) A. A. BROCK,
                    "Director of Agriculture of the
                    State of California."

Since the officers of Madera County no longer have authority to perform any of the acts complained of or threatened under the Madera tubercular ordinance in question it would be useless and idle to issue an injunction. All of the issues which are presented on this appeal have therefore become moot. Neither of the parties to this suit may now be helped or injured by a determination of the issues presented on this appeal. No affirmative act of the officers is alleged to have been performed to the injury of the plaintiffs. No damages are sought. As the state tuberculosis control district now exists under the law, the defendants are powerless to enforce the Madera ordinance and an injunction becomes useless. Under such circumstances this court will not proceed to perform the idle act of determining issues which have become moot.

The appellate court will take judicial notice of the official acts of the executive departments of this state. (Sec. 1875, subd. 3, Code Civ. Proc.) Pursuant to the preceding section, this court will take judicial notice of the proclamation of the agricultural department of the state, incorporating Madera County as a part of the state tubercular control area above referred to. That proclamation was called to our attention by the plaintiffs in this case.

An appellate court will not review or determine questions which are moot, since the decision will serve no

beneficial purpose to the litigants or at all. (*Carter* v. *Stevens,* 211 Cal. 281 [295 Pac. 28]; *Hild* v. *Justice's Court,* 10 Cal. App. (2d) 443 [52 Pac. (2d) 251]; 2 Cal. Jur. 125, sec. 13; 3 Am. Jur. 308, sec. 733.)

In the case of *Carter* v. *Stevens, supra,* it was held that when the rules affecting a fire marshal prescribed by statute have been changed and superseded by a subsequent amendment, before the action is heard and determined on appeal, the issues respecting the application of the former statute become moot. In the case of *Robinson* v. *Robins Dry Dock & Repair Co.,* 238 N. Y. 271 [144 N. E. 579, 36 A. L. R. 1310], the court said with respect to the amendment of a statute pending the disposal of the case on appeal:

"It is the general rule that the province of an appellate court is only to inquire whether a judgment *when rendered* was erroneous or not. But if, subsequent to the judgment and before the decision of the appellate court, a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied."

It is therefore ordered that the appeal in this case be and the same is hereby dismissed on the ground that the issues have become moot.

Plummer, J., and Pullen, P. J., concurred.