Argued January 30, affirmed September 10, 1958

## McKENNEY ET UX *v.* BUOL ET AL
### 329 P. 2d 664

*S. J. Bischoff,* Portland, argued the cause and filed briefs for appellant E. R. Errion.

*James O. Goodwin,* Oregon City, argued the cause for appellants Edward M. Buol and McKenney Logging Corporation. With him on the brief was Glenn R. Jack, Oregon City.

*Dewey H. Palmer,* Portland, argued the cause and filed briefs for respondents. With him on the brief were Roland Davis, Theodore B. Jensen, William A. Martin and Watson D. Robertson, Portland.

Before PERRY, Chief Justice, and ROSSMAN, LUSK, WARNER, McALLISTER and SLOAN, Justices.

SLOAN, J.

Plaintiffs-respondents bring this suit to cancel and rescind a contract for the sale of certain timber, timber lands and logging equipment to some of the defendants-appellants on allegations of fraud. The trial court entered a decree as prayed for by plaintiffs and defendants appeal.

Prior to the challenged sale plaintiffs and the defendants Glaser owned and logged the property in question as a partnership. The partnership was formed in early 1948. The operation was a financial success. At the inception of this partnership venture the partnership acquired certain of the property involved from and with the financial assistance of a corporation named Buffelen Manufacturing Company. The commitments evolving from such transactions were incorporated in a contract between Buffelen Manufacturing Company, herein referred to as Buffelen, and the partnership. The particular obligation of that contract with which we are concerned provided that the partnership could not assign the contract nor sell the property without the consent of Buffelen. None the less these partners set upon such a course early

in 1951. It is only necessary for us to here record a small part of the ensuing manipulations and transactions. The record is voluminous. In the process the partners were presented to and acquired the talents of the defendant E. R. Errion.

Errion immediately undertook the sale of the property in question for a stipulated sale price in excess of a million dollars. As a result of Errion's efforts the defendant McKenney Logging Corporation was formed in the state of Washington by the defendant Buol, the purported purchaser, and the defendant Carr. Errion was not an incorporator nor a stockholder in this corporation. The record is clear, however, that he fully participated in its organization and subsequent operation. There is ample evidence to support the trial court's finding that this was a part of a scheme devised by one or all of these three to frauduently obtain the ownership of this extensive property.

On September 21, 1951, the sale in question was consummated to that corporation and the documents executed. The documents consisted of transfers of title to the corporation and purchase money mortgages in favor of the individual partners to secure the purchase price. The sale was made without the consent of Buffelen.

Immediately following this attempted sale, however, McKenney Logging Corporation undertook to continue the logging operations previously conducted by the partnership. Both Errion and Carr actively participated in the management. A substantial portion of the logs produced by this operation were disposed of by "washed" sales to a corporation bearing the name of National Forest Products Corporation. Errion was the directing force and apparent owner of this corporation. There is substantial evidence

that proceeds from such sales were juggled between these two corporations in accordance with the order and direction of both Carr and Errion. The record before us does not disclose the full extent of the division of funds between these corporations nor the ultimate recipients thereof. It is a fair and proper inference that all of it did not pass *through* their hands. There was evidence that National Forest Products Corporation is still indebted to McKenney Logging Corporation for the sales price of some of these transactions.

On October 15, 1951, Buffelen filed an appropriate proceeding in the United States District Court for the District of Oregon seeking to set aside this transaction. This suit in the Federal Court resulted in a decree of that court completely setting aside and cancelling the questioned sale. This decree was entered on June 30, 1953. The defendants appealed to the Circuit Court of Appeals and that court affirmed. That opinion is enlightening. *Buffelen Manufacturing Co. v. McKenney*, 232 F2d 5.

The instant suit involving the identical transaction, but with additional parties, was initially filed in Tillamook county, the situs of the property, on January 31, 1953. As previously indicated these plaintiffs seek to set aside the same sale but for the reason of fraud alleged to have been perpetrated upon them by the defendants Errion, Buol and Carr. It is alleged that Glasers are named defendants for refusing to join as plaintiffs and that the suit is for the benefit of the former partnership. The complaint also prays an accounting from all the defendants except Glasers. Trial of this suit began on September 15, 1954, after the entry of the decree setting aside the same transaction in the Federal Court in May, 1953. At the out-

set of the trial of this case it was stipulated by all the parties that any evidence on the issue of accounting would be considered by the court only after the determination of plaintiffs' right to cancellation. Following the trial the court entered an interlocutory decree which determined first that the alleged sale was conceived and consummated in fraud and second that the defendants Carr, Buol, Errion and the McKenney Logging Corporation should account to the partnership for all monies and property coming into the possession and control of these defendants as a result of the fraudulent transaction. As previously recited herein there is ample evidence to support both such determinations.

■■■ Early in our consideration of the record brought here we concluded that the decree of the Federal Court, as sustained by the Court of Appeals, above, fully settled the issue of cancellation. That decree had fully cancelled this entire transaction. We did, however, ask the parties to submit additional authorities addressed to this question. Nothing submitted has changed our determination that that part of this appeal is moot. In fact the record before us provides some evidence that the partnership has renewed its contract with Buffelen and is proceeding as though this transaction had not occurred. The record in this regard is uncertain. It is positive, however, that if we should attempt to reverse the decree of the lower court our decision would be wholly ineffectual. We could not restore a transaction already completely nullified by the Federal Court. This court will not review a case on its merits when there remains nothing upon which our mandate could operate. *Smith v. Smith,* 209 Or 96, 304 P2d 421; *Portland v. Investment Company,* 59 Or 598, 117 P 991. When a question becomes moot

judicial action ceases. *Andeel v. Woods,* 174 Kan. 556, 258 P2d 285.

■ There remains the disposition to be made of this case. Defendants, for obvious reasons, contend our only recourse is to remand with directions to dismiss the complaint. They cite federal cases to this effect. They are not controlling. We have endeavored to examine every case previously considered by this court and find that in each instance the court has dismissed the appeal. In addition it should be recalled that the decree entered in the trial court properly ordered an accounting and appointed a referee for that purpose. The extent and nature of this part of the decree is not discussed in the briefs. The defendant Errion does, however, contend that he should not be required to account at all. He urges two reasons: (1) that title to none of the property was transferred to him and since there was nothing for him to cancel equity was without jurisdiction as to him and (2) that he has received none of the loot for which he should account. What we have previously said disposes of these contentions. The evidence is convincing that Errion participated fully in all the operations and transactions accruing from the fraudulent acquisition of the property in question. *Farmer v. O'Carroll,* 162 Md 431, 447, 160 A 12; Pomeroy's Equity Jurisprudence 4th ed, § 918.

We hold, therefore, that the decree must be affirmed and the cause remanded for the accounting therein ordered.