[No. A018955. First Dist., Div. Four. Oct. 15, 1982.]

CITY OF OAKLAND, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
OAKLAND RAIDERS et al., Real Parties in Interest.

**COUNSEL**

Richard Winnie, City Attorney, David A. Self, Laurence P. Horan, Horan, Lloyd & Karachale and Michael W. Stamp for Petitioner.

No appearance for Respondent.

Moses Laskey, R. Stewart Baird, Laskey, Haas, Cohler & Munter, Barrie Engel, Hardin, Cook, Loper, Engel & Bergez, William Mathews Brooks, Brooks & Hughes, Daniel Fogel, Susan R. Hershman, Fogel, Rothschild, Feldman & Ostrov, Roger M. Sullivan, Gideon Kanner, Gary A. Kovacic, David S. Hamilton and Thorpe, Sullivan, Workman & Thorpe for Real Parties in Interest.

**OPINION**

**POCHÉ, J.**—The City of Oakland (City) petitions this court for writ of mandate to require respondent court to reinstate a preliminary injunction dated April 17, 1980, which prohibited the Oakland Raiders (Raiders) from moving to Los Angeles.

## PROCEDURAL BACKGROUND

On February 22, 1980, City commenced an action in eminent domain to acquire the property rights associated with the Raiders' ownership of a professional football team as a franchise member of the National Football League. (See *City of Oakland* v. *Oakland Raiders* (1982) 32 Cal.3d 60, 63 [183 Cal.Rptr. 673, 646 P.2d 835].) A temporary restraining order prohibiting transfer from Oakland was issued on that date. After an evidentiary hearing before the Alameda County Superior Court, a preliminary injunction forbidding transfer of the franchise was issued on April 17, 1980. The injunction specifically prohibited the Raiders from, inter alia, entering into an agreement with the Los Angeles Memorial Coliseum (Coliseum).

The case thereafter was removed to the Monterey County Superior Court pursuant to Code of Civil Procedure section 394.[1] On June 6, 1980, respondent court announced its intention: (a) to grant the Raiders' motion for summary judgment on the ground that the football franchise was not "property" within the meaning of the Eminent Domain Law; and (b) to issue an order that the preliminary injunction would "remain in effect until Monday, June 9, 1980, at 5:00 p.m." Thereafter on June 16, 1980, a judgment of dismissal was filed from which City timely appealed.

On June 21, 1982, the California Supreme Court filed its opinion reversing the judgment of dismissal and remanding the matter for further proceedings. (*City of Oakland* v. *Oakland Raiders, supra,* 32 Cal.3d at p. 76.) Upon issuance of the Supreme Court's remittitur, City applied to respondent court to reinstate the preliminary injunction. In its application City argued that it was entitled to reinstatement upon reversal of the judgment dismissing its action and that injunctive relief was necessary to prevent irreparable harm. In support of the application, City filed a declaration of Mayor Lionel J. Wilson detailing the importance of the Raiders to the City of Oakland.

In opposition to the application, the Raiders filed a declaration of William R. Robertson, a member of the Los Angeles Memorial Coliseum Commission. In the declaration, Mr. Robertson stated that the Coliseum commission had approved an agreement on July 7, 1982, which provided that the Raiders would play their home games in the Coliseum beginning with the 1982 football season. Pursuant to that agreement, the Raiders had opened offices in Los Angeles and were selling tickets to Raiders'

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

games at the Los Angeles Coliseum. Mr. Robertson also detailed the financial impact of the move to the Coliseum.

On August 5, 1982, respondent court announced its ruling denying the application to reinstate the preliminary injunction. On August 16, City filed the instant petition.[2]

### DISCUSSION

■ A preliminary injunction is a device to protect the rights of litigants pending a final determination of the merits of the action; it is but an adjunct to the action and its fate is hinged to the main action. The general purpose of such an injunction is to preserve the status quo until a final determination of the merits of the action. (*Continental Baking Co.* v. *Katz* (1968) 68 Cal.2d 512, 528 [67 Cal.Rptr. 761, 439 P.2d 889].) Thus, when a judgment is entered in favor of the defendant, the preliminary injunction dissolves without the necessity of a formal motion to dissolve. (*Harris* v. *McGregor* (1865) 29 Cal. 124, 128.) This happened here when on June 16, 1980, the judgment of dismissal was filed following the granting of the Raiders' motion for summary judgment. ■ When such a judgment is reversed, as was done here by the California Supreme Court, the plaintiff is entitled to the protection it had earlier secured by preliminary injunction. The court in *Hess* v. *Winder* (1867) 34 Cal. 270, 273, put it plainly: "When the judgment was reversed and the cause remanded for a new trial, it was returned to that Court for a trial upon the issues, and it stood in the same attitude, in all respects, as before the former trial. If the plaintiffs were entitled to an injunction before the former trial, and the injunction was ordered, they were entitled to retain it, upon the cause being remanded for a new trial."

However, the preliminary injunction could not be reinstated automatically. Automatic reinstatement, regardless of the passage of time and changes of circumstances, would be contrary to the basic purpose of the preliminary injunction. The Raiders' showing in opposition to the City's application gave respondent court cause to suspect that changes in circumstances might warrant modification or even dissolution of the injunction. "A court of equity has inherent power to modify an injunction in adaptation to changed conditions. 'When it can be shown that

---

[2] The petition when filed was not verified. While not conceding that verification is required (see § 446), City has applied for an order amending the petition to add the verification of the City Attorney of the City of Oakland. The application to amend is granted and the motion to discharge the alternative writ on this ground is denied. (See *Ware* v. *Stafford* (1962) 206 Cal.App.2d 232, 237 [24 Cal.Rptr. 153].)

circumstances have so changed that an injunction is no longer necessary or desirable, the trial court has power to amend it in the interest of providing justice for all parties in interest.'" (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal. App.3d 121, 130 [135 Cal.Rptr. 192].)

No evidentiary hearing was held. One was required to determine whether and to what extent—if at all—circumstances have changed since the granting of the preliminary injunction on April 17, 1980. Only after such a determination of fact can the trial court determine whether and to what extent—if at all—the preliminary injunction should be modified.

The Raiders and the Coliseum argue that the preliminary injunction of April 17, 1980, should be given no force or effect because it had been dissolved by an independent order prior to the summary judgment. Thus they reason that the injunction could not be reinstated upon reversal of the judgment of dismissal. The "order" to which they refer was contained in the intended decision to dismiss the action. The court therein provided that the preliminary injunction would "remain in effect until Monday, June 9, 1980, at 5:00 p.m." Even if this intended decision can be characterized as an order, it was not an order dissolving the injunction but an order providing for its continuance. This is clear from its wording and from the fact that no motion had been made to dissolve or modify the injunction.

■ The Raiders and the Coliseum also argue that the preliminary injunction issued by the Alameda County Superior Court was invalid and that any further injunctive relief also would be invalid. Arguing that injunctions are inconsistent with the statutory scheme of eminent domain, they posit that the City could only prevent the Raiders from exercising full right to use the franchise by employing the "quick take" procedure of the Eminent Domain Law. (§ 1255.410 et seq.) The "quick take" procedure and the preliminary injunction, however, serve different purposes. The "quick take" procedure is a means of obtaining possession whereas the preliminary injunction allows possession to remain in the condemnee subject to conditions tailored to the needs of the specific case. (§ 1255.410.) Not only is the injunction a more limited and less intrusive remedy, the "quick take" procedure is available only "if the plaintiff is entitled to take the property by eminent domain . . . ." (*Ibid.*) City's right to take the property has been challenged, but has not been determined. In reversing the judgment of dismissal the Supreme Court held that *if* City can demonstrate that a valid public use exists, the Eminent Domain Law affords City the power to acquire the property. (*City of Oakland* v. *Oakland Raiders, supra,* 32 Cal.3d 60, 72.)

Let a peremptory writ issue compelling respondent court: (a) to vacate its order of August 5, 1982, and (b) to hold an evidentiary hearing on the application for reinstatement of the preliminary injunction.

Rattigan, Acting P. J., and Christian, J., concurred.

A petition for a rehearing was denied October 28, 1982.