[Civ. No. 56433. Second Dist., Div. Four. Apr. 18, 1983.]

*SAMMY LEE et al., Plaintiffs and Respondents, v.
DARYL F. GATES, as Chief of Police, etc., et al.,
Defendants and Appellants.

[Civ. No. 56620. Second Dist., Div. Four. Apr. 18, 1983.]

ALQ CORPORATION et al., Plaintiffs and Respondents, v.
DARYL F. GATES, as Chief of Police, etc., et al.,
Defendants and Appellants.

[Civ. No. 56750. Second Dist., Div. Four. Apr. 18, 1983.]

*JEANNA LEE CORPORATION et al., Plaintiffs and Respondents, v.
DARYL F. GATES, as Chief of Police, etc., et al.,
Defendants and Appellants.

[Civ. No. 56754. Second Dist., Div. Four. Apr. 18, 1983.]

RED COAT, INC., et al., Plaintiffs and Respondents, v.
DARYL F. GATES, as Chief of Police, etc., et al.,
Defendants and Appellants.

*Reporters Note: These cases were previously entitled "Lee v. Davis" and "Jeanna Lee Corp. v. Rock."

990

**COUNSEL**

Ira Reiner and Burt Pines, City Attorneys, Thomas C. Bonaventura, John B. Rice, Sally Disco and Frederick N. Merkin, Assistant City Attorneys, Mary M. Ash and Mark A. Rosenbaum, Deputy City Attorneys, for Defendants and Appellants.

Kaplan & Novodor, Joshua Kaplan, Stephen Warren Solomon, Ralph B. Saltsman, Carole Heller Solomon, Charles G. Ogulnik and Emanuel Cowitt for Plaintiffs and Respondents.

## OPINION

**KINGSLEY, J.**—Four cases have been consolidated because they involve the same basic issues. The California Supreme Court transferred the within cases to this court for reconsideration in light of *Morris* v. *Municipal Court* (1982) 32 Cal.3d 553 [186 Cal.Rptr. 494, 652 P.2d 51].

These cases arose from the city's enforcement, through its police department, of city ordinances (L.A. Mun. Code, § 42.21-42.32), enacted pursuant to authorizing state statutes (Pen. Code, §§ 318.5-318.6). California Penal Code sections 318.5-318.6 prohibit nude entertainment in premises serving food or beverages, whether or not those beverages are alcoholic beverages, except where the premises are a theater, concert hall or similar establishment.[1]

The city's law enforcement officers sought to prosecute the defendant owners and employees for violations of Los Angeles Municipal Code sections 42.21 through 42.32. Thereafter, the plaintiff employers and employees of certain nude bars sought declaratory relief and injunctive relief to prohibit enforcement of these Los Angeles Municipal Code ordinances against them. Finding, as a matter of fact, that there is a high probability of success at trial for the plaintiffs on the underlying issue, the trial court entered the preliminary injunctions and prohibited the enforcement of the city's ordinances against plaintiffs.

[1]California Penal Code sections 318.5 and 318.6 read as follows: "Nothing in this code shall invalidate an ordinance of, or be constructed to prohibit the adoption of an ordinance by, a county or city, if such ordinance directly regulates the exposure of the genitals or buttocks of or the breasts of any person who acts as a waiter, waitress, or entertainer, whether or not the owner of the establishment in which the activity is performed employs or pays any compensation to such person to perform such activity, in an establishment which serves food, beverages, or food and beverages, including, but not limited to, alcoholic beverages, for consumption on the premises of such establishment. [¶] The provisions of this section shall not apply to a theater, concert hall, or similar establishment which is primarily devoted to theatrical performances. [¶] This section shall be known and may be cited as the 'Quinby-Walsh Act.'

"Nothing in this code shall invalidate an ordinance of, or be construed to prohibit the adoption of an ordinance by, a city or county, if such ordinance relates to any live acts, demonstrations, or exhibitions which occur in public places, places open to the public, or places open to public view and involve the exposure of the private parts or buttocks of any participant or the breast of any female participant, and if such ordinance prohibits an act or acts which are not expressly authorized or prohibited by this code. [¶] The provisions of this section shall not apply to a theater, concert hall, or similar establishment which is primarily devoted to theatrical performances."

The appeals arose from the superior court's grant of plaintiffs-respondents' applications for preliminary injunctions. This court affirmed the trial court's granting of preliminary injunctions[2] and the city's petition to the California Supreme Court for hearing was granted.

According to the city's letter brief of January 26, 1983, the city has not enforced the subject ordinances for some time. In 1981, the city imposed a moratorium on enforcement in response to certain federal decisions involving nude entertainment. (*New York State Liquor Authority* v. *Bellanca* (1981) 452 U.S. 714 [69 L.Ed.2d 357, 101 S.Ct. 2599]; *Schad* v. *Mount Ephraim* (1981) 452 U.S. 61 [68 L.Ed.2d 671, 101 S.Ct. 2176].) The moratorium was to remain in place until a decision in *Lee* had been rendered. Respondents agree that the city has declared an "informal moratorium" on the enforcement of the local ordinances, but respondents point out that there have been no formal legislative proceedings to amend the code sections, and that the enforcement or nonenforcement of these sections is entirely dependent on the discretion of the city.

It is clear under *Morris* v. *Municipal Court* (1982) 32 Cal.3d 554 [186 Cal. Rptr. 494, 652 P.2d 51] that the city code sections herein are unconstitutional. *Morris* held that Penal Code sections 318.5 and 318.6, which permitted cities and counties to adopt local regulatory ordinances of nude entertainment under certain circumstances, were presumptively overbroad, since the prohibitions of those sections extended beyond establishments serving alcoholic beverages. Since the municipal code sections in the instant case are applicable to establishments serving food and/or beverages, whether or not these establishments are serving alcoholic beverages, the municipal code sections herein are overbroad and constitutionally infirm.

■ Appellant City of Los Angeles and the police argue that the appeals and the underlying actions are moot, and the court should reverse the judgments with directions to the superior court to dismiss the action. Where the action itself is moot, and the judgment was improperly rendered below, dismissal of the appeal operates as an affirmance of the judgment, and therefore the correct order is reversal of the judgment with directions to the lower court to dismiss the action. (6 Witkin, Cal. Procedure (2d ed. 1971) § 471, p. 4428; see *Paul* v. *Milk Depots, Inc.* (1964) 62 Cal.2d 129, 134 [41 Cal.Rptr. 468, 396 P.2d 924].) We therefore proceed to determine whether the action itself is moot.

---

[2]Until the recent *Morris* decision (which held California Pen. Code, §§ 318.5 and 318.6 overbroad and invalid) the *Lee* case had been primarily concerned with whether certain nude entertainment ordinances (which had then been considered valid) were properly applied against the plaintiffs herein, or whether the plaintiffs herein fell within an exception protecting theaters, concert halls and similar establishments from city and county regulations.

The city argues that since they recognize the ordinances herein are unconstitutional, and since the ordinances will not be enforced by the city, this change in enforcement policy renders the case moot. Although repeal or modification of a statute under attack, or subsequent legislation, may render moot the issues in a pending appeal (see *Equi* v. *San Francisco* (1936) 13 Cal.App.2d 140 [56 P.2d 590]; *O'Neal* v. *Seabury* (1938) 24 Cal.App.2d 308 [74 P.2d 1082]), in the case at bench there has not yet been a legislative change either repealing or modifying the unconstitutional statutes. In the case at bench the city has merely stated its *intent* to not enforce the statute. Nevertheless, it has been held that an injunction is no longer necessary to prevent in the future that which in good faith has been discontinued, in the absence of any evidence that the acts are likely to be repeated; when the city in an answer stated its intent to comply with a certain legislative act, this change in circumstances justified the trial judge's denial of an injunction. (*Mallon* v. *City of Long Beach* (1958) 164 Cal.App.2d 178, 190 [330 P.2d 423].) It has also been held that where an injunction is sought solely to prevent recurrence of proscribed conduct which in good faith has been discontinued, there is no equitable reason for an injunction. (*People* v. *National Association of Realtors* (1981) 120 Cal.App.3d 459, 476 [174 Cal.Rptr. 728].) Injunctive relief is ordered only where there is evidence that the acts will probably recur. (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist.* (1976) 65 Cal.App.3d 121 [135 Cal.Rptr. 192]). Although the United States Supreme Court cases hold that voluntary cessation of allegedly illegal conduct does not deprive the court of power to decide the case (*United States* v. *W. T. Grant Co.* (1953) 345 U.S. 629, 632 [97 L.Ed. 1303, 1309, 73 S.Ct. 894]), the state rule in the *Mallon* case has never been reversed. In the federal courts, when it can be said with assurance that there is no reasonable expectation that the alleged violation will recur *and* when interim relief or events have completedly and irrevocably eradicated the effects of the alleged violation (*County of Los Angeles* v. *Davis* (1979) 440 U.S. 625 [59 L.Ed.2d 642, 99 S.Ct. 1379]), the case is moot. In the case at bench, there is no reasonable expectation that the city will prosecute under a Penal Code section that is clearly unconstitutional under the reasoning of the *Morris* case. However, it is arguable that the *Morris* decision did not "completely and irrevocably eradicate the effects of the alleged violation" since, theoretically at least, the city could attempt to prosecute under Los Angeles code sections that are still unrepealed. Since the police and the city could conceivably attempt to apply the Los Angeles Municipal Code to the parties, prior to the time those sections are actually repealed, the case may not be moot under the federal rule on mootness until the relevant code sections of the municipal code are either actually repealed or modified; thus, it cannot unequivocally be said here that interim relief or events have *completely* and *irrevocably* eradicated the effects of an alleged violation until sections 42 through 42.3 are actually modified or repealed. Since both conditions under the federal rule are not absolutely satisfied, this instant case may not arguably have been moot here under the

federal rule. But, applying the California rule to the case at bar, the case is clearly moot. The city has in good faith discontinued prosecuting and, under the rule of *People* v. *National Association of Realtors, supra,* 120 Cal.App.3d 459, 476, there is no indication that the acts will probably recur. (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist., supra,* 65 Cal.App.3d 121.) ■ A court of equity has inherent power to modify an injunction in adaption to changed conditions. When circumstances have so changed that an injunction was no longer necessary or desirable the trial court has power to amend it in the interest of providing justice for all parties in interest. (*Palo Alto-Menlo Park Yellow Cab Co.* v. *Santa Clara County Transit Dist., surpa,* 65 Cal.App.3d 121, 130; *City of Oakland* v. *Superior Court* (1982) 136 Cal.App.3d 565, 569, 570 [186 Cal.Rptr. 326].) In the case at bench the ruling in the *Morris* case has so changed circumstances that it is unnecessary to grant an injunction.

We reverse the judgment with directions to the superior court to dismiss.

Woods, P. J., and Amerian, J., concurred.