Filed 12/5/22  Ryan v. County of Los Angeles CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| TIMOTHY RYAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B309818<br><br>(Los Angeles County<br>Super. Ct. No. BC606535) |

APPEAL from an order of the Superior Court of Los Angeles County, William A. MacLaughlin, Judge (Ret.). Appeal is dismissed as moot.

Green Broillet & Wheeler; Mark T. Quigley and Aaron L. Osten; Esner, Chang & Boyer, Stuart B. Esner and Kathleen J. Becket, for Plaintiff and Appellant.

Ballard Rosenberg Golper & Savitt, Linda Miller Savitt, John J. Manier and Linda B. Hurevitz; Law Offices of Hausman & Sosa and Jeffrey M. Hausman, for Defendant and Respondent.

———————————

Appellant Timothy Ryan, M.D., appeals from the trial court's denial of his motion for preliminary injunction. Respondent County of Los Angeles (County) moves to dismiss Dr. Ryan's appeal, contending it is moot. We agree for the reasons described below and grant the County's motion to dismiss.

### FACTUAL AND PROCEDURAL BACKGROUND

Dr. Ryan sued the County alleging a cause of action under Labor Code[1] section 1102.5, subdivisions (b) and (c).[2] According

———————————

[1] All subsequent undesignated statutory references are to the Labor Code.

[2] Section 1102.5, subdivision (b), provides as follows: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local,

to his first amended complaint, Dr. Ryan worked as a vascular surgeon at Harbor-UCLA Medical Center (Harbor-UCLA) from 2013 to 2018. He alleged that as a result of reporting, and refusing to engage in, illegal and unethical activity involving Harbor-UCLA, the County retaliated against him, including terminating his employment in October 2018.[3]

Dr. Ryan moved for temporary injunctive relief pursuant to sections 1102.61 and 1102.62, seeking, among other things, reinstatement, backpay, benefits, and attorney fees. Section 1102.61 provides that in "any civil action . . . pursuant to Section 1102.5, an employee may petition the superior court . . . for appropriate temporary or preliminary injunctive relief as set forth in Section 1102.62." Section 1102.62, subdivision (a) authorizes a trial court to grant "such temporary injunctive relief as the court deems just and proper." The statute further provides that "[a]ppropriate injunctive relief shall be issued on a showing that reasonable cause exists to believe a violation has occurred"

---

state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

Section 1102.5, subdivision (c), provides as follows: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."

[3]     In addition to his cause of action under section 1102.5, Dr. Ryan alleged a cause of action under Government Code section 12653. That latter cause of action is not relevant to this appeal.

(§ 1102.62, subd. (c)), and that the "order authorizing temporary injunctive relief shall remain in effect until [a] . . . judicial determination . . . has been issued . . . or at a time certain set by the court."[4] (§ 1102.62, subd. (d).) The trial court denied Dr. Ryan's motion for injunctive relief and Dr. Ryan appealed.

While that appeal was pending, the trial court granted the County's motion for summary adjudication on part of Dr. Ryan's

---

[4] Section 1102.62 provides as follows: "(a) Upon the filing of the petition for injunctive relief, the petitioner shall cause notice thereof to be served upon the person, and thereupon the court shall have jurisdiction to grant such temporary injunctive relief as the court deems just and proper. [¶] (b) In addition to any harm resulting directly from the violation of Section 1102.5, the court shall consider the chilling effect on other employees asserting their rights under that section in determining whether temporary injunctive relief is just and proper. [¶] (c) Appropriate injunctive relief shall be issued on a showing that reasonable cause exists to believe a violation has occurred. [¶] (d) The order authorizing temporary injunctive relief shall remain in effect until an administrative or judicial determination or citation has been issued or until the completion of a review pursuant to subdivision (b) of Section 98.74, whichever is longer, or at a time certain set by the court. Thereafter, a preliminary or permanent injunction may be issued if it is shown to be just and proper. Any temporary injunctive relief shall not prohibit an employer from disciplining or terminating an employee for conduct that is unrelated to the claim of the retaliation. [¶] (e) Notwithstanding Section 916 of the Code of Civil Procedure, injunctive relief granted pursuant to this section shall not be stayed pending appeal."

4

section 1102.5 cause of action.[5]  After trial, a jury returned a special verdict against Dr. Ryan on the remaining portion of that cause of action.  Dr. Ryan has appealed those rulings.

The County now moves to dismiss Dr. Ryan's appeal from the order denying his motion for injunctive relief.

## DISCUSSION

"A case is moot when the decision of the reviewing court 'can have no practical impact or provide the parties effectual relief.  [Citation.]' " (*MHC Operating Limited Partnership v. City of San Jose* (2003) 106 Cal.App.4th 204, 214.)  " 'When no effective relief can be granted, an appeal is moot and will be dismissed.' " (*Ibid.*)

The County relies primarily on *MaJor v. Miraverde Homeowners Assn.* (1992) 7 Cal.App.4th 618 (*MaJor*), in asserting the present appeal is moot.  In *MaJor*, the plaintiff sued a homeowners association contending that it prevented her guests from using the recreational facilities of her condominium project in violation of, *inter alia*, the Unruh Civil Rights Act.  (*Id.* at pp. 621–622.)  The trial court denied the plaintiff's motion for a preliminary injunction, and she appealed.  (*Id.* at p. 622.)  While plaintiff's appeal was pending, the trial court sustained a demurrer to her Unruh Civil Rights Act cause of action without leave to amend.  (*Id.* at p. 623.)

On appeal from the order denying plaintiff's motion for preliminary injunction, the Court of Appeal held that "[b]ecause

---

[5]     Dr. Ryan filed a writ petition with this court challenging the trial court's grant of summary adjudication.  The court denied the writ petition on August 26, 2021.  (See *Ryan v. Superior Court* (case No. B313556).)

the Unruh Civil Rights Act claim was her only basis for a preliminary injunction, [the plaintiff's] appeal from denial of an injunction is now moot." (*MaJor*, *supra*, 7 Cal.App.4th at p. 623.) The court reasoned that "[a] preliminary injunction is an interim remedy designed to maintain the status quo pending a decision on the merits," but is not "in itself, a cause of action." (*Ibid*.) "Thus, a cause of action must exist before injunctive relief may be granted." (*Ibid*.)

The court explained that an "appeal from an order denying a preliminary injunction does not deprive the trial court of jurisdiction to proceed to try the case on the merits," and that if "the court can try the case on the merits then a fortiori it can determine the case has no merit by sustaining a demurrer without leave to amend." (*MaJor*, *supra*, 7 Cal.App.4th at p. 623.) The court then concluded as follows: "In the present case, the trial court having sustained a demurrer without leave to amend to the only cause of action which might have supported a preliminary injunction in favor of [the plaintiff], her appeal from the denial of a preliminary injunction is moot." (*Ibid*.) The court emphasized that a plaintiff could avoid this result by "request[ing] a stay of trial court proceedings while the appeal from denial of the preliminary injunction is pending." (*Id*. at pp. 623–624.)

We agree with the County that, as in *MaJor*, Dr. Ryan's appeal from the order denying his motion for preliminary injunction is moot due to the summary adjudication order[6] and

---

[6] In his opening brief, Dr. Ryan advised us that he had filed a writ petition with this court challenging the trial court's order denying his disqualification motion pursuant to Code of Civil

the jury verdict, which together fully adjudicated the merits of Dr. Ryan's cause of action under section 1102.5. (See *Agnew v. City of Los Angeles* (1958) 51 Cal.2d 1, 2 [because order denying preliminary injunction "dealt solely with the right to preventive relief pending final judgment and denied such relief, the entry of judgment rendered the question of the right to interim relief moot."]; *Korean American Legal Advocacy Foundation v. City of Los Angeles* (1994) 23 Cal.App.4th 376, 399 [because court sustained demurrer to "the only causes of action which would have supported a preliminary injunction in plaintiffs' favor, their appeal from the denial of a preliminary injunction is dismissed as moot."]; *City of Oakland v. Superior Court* (1982) 136 Cal.App.3d 565, 569 ["A preliminary injunction is a device to protect the rights of litigants pending a final determination of the merits of the action; it is but an adjunct to the action and its fate is hinged to the main action."].)

Dr. Ryan opposes the County's motion to dismiss on several grounds, but none is convincing. First, he contends that his appeal is not moot because the "correctness of the trial court's order denying injunctive relief should be evaluated as of the time it was made," citing *In re Zeth S.* (2003) 31 Cal.4th 396, and *In re James V.* (1979) 90 Cal.App.3d 300. These cases support the principle of appellate review that "an appeal reviews the correctness of a judgment as of the time of its rendition, upon a

_____

Procedure section 170.1. Based on his then-pending writ, Dr. Ryan argued the summary adjudication ruling did not cause this appeal to become moot because the "efficacy" of the summary adjudication ruling "is still very much in question." But the court denied that writ petition on December 16, 2021. (See *Ryan v. Superior Court* (case No. B315448).)

7

record of matters which were before the trial court for its consideration." (*In re Zeth S.*, at p. 405; *In re James V.*, at p. 304 [same].) However, neither case addresses the present circumstance—an appeal from an order denying injunctive relief where the underlying cause of action has thereafter been resolved against the plaintiff—let alone calls into question the holding or reasoning of *MaJor*. Indeed, as our Supreme Court recognized regarding the same principle of appellate review described above, although it "preserves an orderly system of appellate procedure by preventing litigants from circumventing the normal sequence of litigation," "the rule is somewhat flexible; courts have not hesitated to consider postjudgment events . . . when subsequent events have caused issues to become moot." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.)

Next, Dr. Ryan contends that his appeal is not moot because if the trial court had correctly granted his motion for preliminary injunction, he would have been entitled to backpay and attorney fees. According to Dr. Ryan, even though he ultimately lost on the merits of his cause of action under section 1102.5, he might have been able to retain such backpay and attorney fees through the conclusion of any appeal from the final judgment. We are not persuaded. Even assuming backpay and attorney fees were available forms of injunctive relief under section 1102.62,[7] Dr. Ryan fails to cite any authority supporting

[7] The County disputes whether Dr. Ryan was eligible to obtain backpay and attorney fees as part of injunctive relief under section 1102.62. It contends that section 1102.62 "provides only for 'appropriate temporary or preliminary injunctive relief'— not 'make whole' relief in general." It further contends that the attorney fee provision of section 1102.5 did not become effective

8

the conclusion that he would have been entitled to continued injunctive relief, including retaining backpay and attorney fees, after his cause of action under section 1102.5 was resolved against him in the trial court. If anything, that conclusion is in conflict with the principle that a preliminary injunction "is but an adjunct to the action and *its fate is hinged to the main action*" (*City of Oakland v. Superior Court*, *supra*, 136 Cal.App.3d at p. 569, italics added), as well as section 1102.62, which provides in relevant part that an "order authorizing temporary injunctive relief shall remain in effect *until . . .* [*a*] *judicial determination . . . has been issued . . . .*" (§ 1102.62, subd. (d), italics added.) Notably, Dr. Ryan acknowledges in his reply brief that "the injunction would not extend beyond the judgment in this case . . . ."

Dr. Ryan further contends that requiring a plaintiff to obtain a stay of trial court proceedings to preserve appellate review of the denial of injunctive relief, as the court suggested in *MaJor*, *supra*, 7 Cal.App.4th at pages 623–624, would undermine the purpose of section 1102.62 to provide a plaintiff with "ready access to injunctive relief" in connection with a cause of action under section 1102.5. We disagree. Our application of well-established caselaw regarding mootness does nothing to undermine the standards applicable under section 1102.62 for evaluating a plaintiff's entitlement to temporary injunctive relief. Moreover, we agree with the County that Dr. Ryan's argument incorrectly presupposes that he would be entitled to interim

---

until January 1, 2021, after Ryan sought injunctive relief. (See § 1102.5, subd. (j), added by Stats. 2020, ch. 344, § 2.) We need not resolve either issue.

injunctive relief even though his cause of action under section 1102.5 was adjudicated against him.

Finally, in his reply brief Dr. Ryan contends that even if this appeal is moot, we should still reach the merits of the appeal because it presents an issue of important public interest and there is a strong likelihood of recurrence of the underlying controversy. (See *Sturgell v. Department of Fish & Wildlife* (2019) 43 Cal.App.5th 35, 46 ["[U]nder the so-called public interest exception to the mootness doctrine, . . . appellate courts have discretion to decide a case that, although moot, poses an issue of broad public interest that is likely to recur."].) Dr. Ryan focuses our attention on a release the County required him to sign in connection with his application to renew his staff privileges at Harbor-UCLA. He contends the release is unlawful and that the County violated section 1102.5, subdivision (c), by terminating him in retaliation for his refusal to sign the release.[8] Dr. Ryan urges us to address the merits of his appeal because the release, which purports to release the County and other releasees from liability related to their evaluation of a physician's qualifications, presents an important matter of public interest. He further contends that the controversy regarding the lawfulness of the release is likely to recur because the same release is presented "to all physicians desiring to stay employed" at Harbor-UCLA.

---

[8] The County argues that Dr. Ryan did not raise this allegation in either his first amended complaint or his motion for preliminary injunction and has therefore forfeited it. We need not resolve that issue.

We decline to exercise our discretion to resolve the issues presented in this moot appeal.  As an initial matter, Dr. Ryan did not raise the public interest exception to the mootness doctrine in his opening brief or in his opposition to the County's motion to dismiss; he raised it for the first time in his reply brief.  (See *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1295 ["[W]e will not address arguments raised for the first time in the reply brief."].)  We further note that Dr. Ryan has appealed the order granting summary adjudication, which appears to have addressed arguments regarding the release that are like those Dr. Ryan raises here.  Thus, to the extent his present arguments concerning the release are similar to those at issue in the summary adjudication order, Dr. Ryan will be able to address them in his pending appeal.

## DISPOSITION

We grant the County's motion to dismiss.  The appeal is dismissed as moot.  The County is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

RICHARDSON (ANNE K.), J.*

---

\*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.